### J. E. Nading v. Denison & Pacific Railway Company.

Decided November 4, 1899.

**1. Damages—Insufficient Allowance for—Reversal.**

A judgment in plaintiff's favor for damages to his property will be reversed where it is for less than the evidence clearly shows he was entitled to and less than the amount testified to by any witness in the case.

**2. Same—Expense of Preventing Further Injury.**

Plaintiff in an action for damages caused by the caving in of the walls of a railway cut, endangering his house, is entitled to recover any reasonable amount expended by him in repairing the injury done and preventing further injury.

**3. Same—Measure—Negligent Construction of Railroad.**

The measure of damages for injury caused by the caving in of the walls of a railway cut across plaintiff's land is the difference between what would have been the value of the property with a proper construction of the cut and its value just after such construction, including the expense of any proper repairs made by him, and provided there has been no material change in the value of the property from other causes.

**4. Practice on Appeal—Motion for Certiorari.**

Where appellees failed to brief the case, and made no appearance in the appellate court until the filing of their motion for rehearing, a motion by them for certiorari to perfect the record comes too late.

APPEAL from Grayson. Tried below before Hon. Don A. Bliss.

*Wilkins, Vinson & Batsell* and *J. W. Finley,* for appellant.

FINLEY, ASSOCIATE JUSTICE.—J. E. Nading sued the railway company for $1200 damages alleged to have been caused by the negligent and improper construction of its road along and adjoining his property, lots 14 and 15, block 10, Dumas' addition to the city of Denison. The road was constructed in 1895.

The defendant denied generally, and specially pleaded that for a valuable consideration plaintiff had conveyed to it a strip off of said lot 14 along which the road was constructed for that specific purpose, and that a part of the consideration paid was the conveyance of lot 15 by it to plaintiff, and that he was not the owner of lot 15 until thus acquired.

The case was tried and resulted in a verdict and judgment for plaintiff in the sum of $250.

1. The court below should have granted a new trial in this case. The evidence clearly showed that the road was constructed in a negligent manner, resulting in damage to plaintiff's property, and each and all of the witnesses who testified as to the amount of damages sustained showed the damages to be greater than that awarded by the verdict of the jury. This will require a reversal of the judgment.

2. The injury to the property is shown to have been occasioned by the caving in of the walls of a deep cut excavated by the railway company, and it was shown that this could have been prevented by the use of sufficient bracing of the walls. The caving extended to and embraced the lots of the plaintiff and threatened to take the foundations from his houses and cause them to tumble into the cut, extended by such caving. Plaintiff offered to prove that he incurred expense in preventing the extension of the injury, and in repairing the injury which was caused by such caving. This evidence, on objection, was excluded on the ground that such expense was not a proper element of damages to be recovered in the case. Plaintiff is entitled to be reimbursed to the extent to which he suffered damage by reason of the negligent and improper construction by the defendant. It was proper and right for him to prevent the

damage as far as he could; it was his privilege to repair that which was done, and he should be made whole by the recovery.

"If one's property is taken, injured, or put in jeopardy by another's neglect of duty imposed by contract, or by his wrongful act, any necessary expense incurred for its recovery, repair, or protection is an element of the injury. It is often the legal duty of the injured party to incur such expense to prevent or limit the damages; and if it is judicious and made in good faith, it is recoverable though abortive." 1 Suth. on Dam., 2 ed., 132; City of Nashville v. Sutherland, 29 S. W. Rep., 228. Care should be taken, however, not to allow a double recovery for this element of damage. It may be questioned whether this element of damage was pleaded with sufficient certainty, but no exception to the pleading upon this ground was sustained by the court, and this objection was not urged against the introduction of the evidence.

3. The court in its charge correctly stated to the jury that the plaintiff would not be entitled to recover for any damage in the way of the decreased value of the property which a careful and proper construction would have produced, but would be confined, in relation to such decreased value, to the damage caused by the negligent manner of construction, causing the caving of the walls of the cut, etc. Plaintiff had sold to the railroad company a strip off lot 14 for the purpose of its road and in contemplation of its construction, and no recovery could be had for damages resulting from a proper construction. In addition to the special element of damage heretofore considered, the true inquiry is, how much damage was done to the property by the failure of the company to exercise proper care to prevent the caving of the walls of the cut? This may be determined by ascertaining what would have been the value of the property with a proper construction of the cut, at the time when it was constructed, and what was its value just after its construction and the caving of the walls, including the value of the repairs made by the plaintiff, if any, and taking the difference between such values,—it not appearing that any material change in the value of such property occurred from other causes within the period of time intervening between the construction and the caving of the walls of the cut which could affect the question. The court refused to allow the plaintiff to testify as to the value of his property, without reference to the construction, just before the construction, and its value just after. As independent evidence, this would not have furnished a correct criterion of the damage done the property. The court did permit the defendant, however, to offer this character of evidence. Of course it was not proper to shut out the plaintiff from this inquiry and open it to the defendant. It may be, as is sometimes the case, that the record does not correctly reflect the action of the court as to this particular matter.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

It is urged that we erred in reversing the judgment in this case on the ground that the verdict is for a smaller sum than that warranted by the evidence. In support of this contention, it is assumed that we hold that the jury was bound by the mere opinion of the witnesses as to the amount of damages. We announced no such proposition in the opinion, and it is not involved in the decision. We held that each and all the witnesses who testified in relation to the matter of damages showed that the damages were greater than the sum awarded. These witnesses were not merely opinion witnesses. They did not simply give their opinions as to what amount the property was damaged. They detailed the character of the property, the uses to which it was put and for which it was valuable, the character and extent of the injuries, the value of the property without such injuries, and its value after the infliction of the injuries. The lowest sum which the jury could have fairly determined upon from the evidence of any of the witnesses as to the damage suffered was greater than the amount of the verdict. The plaintiff is entitled to be fully compensated for the damages wrongfully inflicted upon his property, and the failure of the jury to give him adequate compensation should have secured him a new trial in the court below. Shropshire v. Doxey, 25 Texas, 128. This was stated in the opinion as the ground of reversal, and we will not examine the other points considered in the opinion to determine whether they should be treated as reversible error. The other points were considered and treated because it was deemed proper for the guidance of the court on another trial. Appellees failed to brief the case, and made no appearance in this court until the filing of the motion for rehearing. In connection with this motion they ask for a writ of certiorari to perfect the record. The motion for rehearing is overruled, because we see no error in our decision. The application for certiorari is refused because it comes too late, and for the further reason that to grant it would not change the result of our decision.

*Overruled.*