**CENTRAL TEXAS TELEPHONE CO., Inc., v. ALLMAND. (No. 6825.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 28, 1922. Rehearing Denied Jan. 3, 1923.)

1. **Trial ⟐350(6)—Failure to submit to jury question whether wire caused injury to horse immaterial, where fact clearly shown.**

The failure to submit to the jury the question whether or not the telephone wire caused the injury held not error, where the horse was seen entangled in wires and bleeding from the injury, and the proof fully established the fact that the injuries were caused by the wire.

2. **Trial ⟐357 — Jury's finding of value of horse after injury, as being "nothing," held not erroneous.**

Where, in an action for damages to a horse, plaintiff, in response to defendant's question as to the value of the horse after the injury to it, replied, "Nothing," and the jury on the special issue submitted to them found the value after the injury of the horse to be "Nothing," held no error in jury's finding of value; plaintiff's answer not being misleading, but responsive to the question, and meaning that the horse had no value after the injury.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On Motion for Rehearing.

**3. Damages ⊙⇒44—Although horse was rendered worthless by injury, owner could recover, not only value, but also expenses in attempting cure.**

Although a horse was rendered worthless by injury, *held* it was proper to allow recovery, not only for the value of the horse, but also for the reasonable expense incurred in caring for the horse after injury in prudent efforts to effect a cure.

**4. Appeal and error ⊙⇒1004(1)—Though issue as to value of horse be sharply drawn, appellate court will not disturb jury's findings.**

Where, in an action for damages for injuries to a horse, the jury found the value of the horse before the injury to be $125, and after the injury of no value, and made a finding of $38.50 as being a reasonable amount expended in caring for the horse, *held*, though the issue of value was sharply drawn and the horse may still have had some value after the injury, the appellate court will not disturb the findings.

Appeal from District Court, Gillespie County; J. H. McLean, Judge.

Action by Walter Allmand against the Central Texas Telephone Company, Inc. Judgment for plaintiff, and defendant appeals. Affirmed.

Alfred P. C. Petsch, of Fredericksburg, for appellant.

Sagebiel & Usener, of Fredericksburg, for appellee.

COBBS, J. Appellee brought this suit to recover of appellant damages to the extent of $198.50 for injuries caused to appellee's horse in carelessly, negligently and recklessly permitting its telephone wires to hang upon the premises of appellee so that his horse, of the reasonable market value of $150.00, became entangled in the telephone wire, and was injured by the wire cutting the foreleg and tendons at the knee to such an extent that he has become wholly valueless to appellee, damaging him in the sum of $198.50 including therein the expense and cost of caring for him in his injured condition.

The case was submitted to the jury on special issues. The jury found that appellant was guilty of negligence in permitting its telephone wire to be sagged and remain on the ground. They found the market value of the horse on the 10th day of August, 1921, prior to the injury in Gillespie county, was of the market value of $125, and its market value on the 10th day of August, 1921, just after the injury, "Nothing"; that the reasonable cost, expense, and care during the time of his injury was $38; that he had no market value on the day of the trial. This last answer was in response to appellant's question, and again in response to another of appellant's questions found that it was necessary for appellee to have spent the amount

of money for carbolic acid, healing oil, antiseptics, worm medicine, castile soap, and extra feed. Upon the findings of the jury, a judgment was entered in favor of appellee for $163.50 against appellant.

[1] Appellants complain that the court erred in not submitting to the jury the question for them to answer whether or not the telephone wire caused the injury. There was no error in that; the testimony fully established the fact that the horse was injured as alleged by getting entangled in the telephone wire, causing the injury to the horse. The horse was seen entangled in the wire, the horse bled from it, the injury showed for itself, and the proof established squarely it was caused by the wire; therefore uncontradicted as to the severe injury. There was no issue for the jury to find as to whether or not the telephone wire caused it, which is obvious.

[2] There is no error in the answer, "Nothing," of the jury in reply to appellant's questions, "What is the reasonable market value of the horse as of this date?" He meant the horse had no value on that date, and the answer is sufficiently responsive, and in no sense misleading.

This is entirely a fact case, and is one in which all the material issues were fairly submitted to the jury by proper and legal issues, and the jury found them in favor of appellee upon testimony that supports their finding.

We have examined and considered all the assignments, and, believing the case has been fairly tried and no errors of law committed, they are all overruled, and the judgment is affirmed.

On Motion for Rehearing.

[3, 4] The findings of the jury are against appellant on every issue and supported by evidence. They found the horse to be worth $125.00 before the injury and of no value just after the injury and none on the day of trial. They found the $38.50 expended in the necessary care to be reasonable. It is true the issue of value was sharply drawn, and that the horse may have some value, but as said in Nading v. Denison & P. Suburban Ry. Co., 22 Tex. Civ. App. 175, 54 S. W. 413:

"It is often the legal duty of the injured party to incur such expense to prevent or limit the damages; and if it is judicious, and made in good faith, it is recoverable, though abortive. 1 Suth. Dam. (2d Ed.) p. 132; Mayor, etc., v. Sutherland (Tenn. Sup.) 29 S. W. 228. Care should be taken, however, not to allow a double recovery for this element of damage."

It is held in G., C. & S. F. Ry. Co. v. Keith, 74 Tex. 289, 11 S. W. 1117:

"The general rule undoubtedly is that where there is a total loss of personal property resulting from the negligence of the defendant the measure of damages is the value of the

property at the time of the injury and interest. This rule is not inflexible. Where an animal is so injured that its usefulness is not only impaired but destroyed, the measure of damages is its value, reasonable compensation for attention, and expenses in prudent efforts to effect a cure.

"It is said in Shearman & Redfield on Negligence: 'The law would be inhuman if it should prescribe a different rule even where the animal eventually dies, since it would then offer an inducement to the owner to neglect its sufferings.' Section 603, and note 2."

It is held in St. Louis S. W. Ry. Co. v. Chambliss (Tex. Civ. App.) 54 S. W. 401:

"It is contended by appellant that the proof shows that the mule injured was rendered worthless by the injury, and plaintiff could only recover its market value. If the mule was rendered worthless by the injury, and that fact appeared at the time, then plaintiff would not be entitled to recover for his time and labor given and expenses incurred in caring for the mule. If, however, the injury was such that it did not clearly appear that the mule was rendered worthless, but its condition was such that a reasonably prudent man would have had reason to believe that by proper care the mule could be cured or rendered serviceable, then such time, labor, or expense reasonably expended for that purpose would be recoverable, in addition to the market value of the mule, though the injury may have rendered it worthless."

It may be that upon a proper plea the court would have ordered the animal sold for the benefit of appellant, upon the payment of the judgment and costs. Upon the further disposition of the animal, as the question is not before us, we express no opinion.

The motion is overruled.