## COOK v. EASTLAND COUNTY. (No. 1613.)

(Court of Civil Appeals of Texas. El Paso.
March 27, 1924.)

1. **Eminent domain ⊂⊃204—Testimony as to benefits, not referring to tract in question, held inadmissible.**

In a proceeding to condemn farm land for a road, general testimony that benefits ordinarily resulting from building a good road would increase the value of a tract of land in proximity $5 per acre was inadmissible to show benefits; cutting defendant's land in two necessitating fencing expenses.

2. **Eminent domain ⊂⊃205—Jury's finding that balance of farm not damaged by condemnation of road held contrary to evidence.**

In a proceeding to condemn farm land for a road, where undisputed proof showed that the road would cut off 20 acres, and require fencing at cost of $80, and depreciate the market value of the remainder $5 per acre, the jury's finding that the balance of the farm would not be damaged by the road could not be sustained.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Proceeding by Eastland County against against A. E. Cook to condemn land for a road. From the award of damages, defendant appeals. Reversed and remanded.

A. L. Brantley, of Lamesa, for appellant.
Turner & Seaberry, of Eastland, for appellee.

HIGGINS, J. This is a proceeding by Eastland county against the appellant Cook to condemn for road purposes a strip of land 60 feet wide through a tract of 105 acres of land owned by appellant.

Appellant appealed from the award of damages assessed by the commissioners to the county court at law of Eastland county, where the issue of damages was submitted to a jury. The jury upon special issues assessed the damages for the land taken at $50, and found that appellant had sustained no damage to the balance of the tract, in accordance with which judgment was rendered assessing the damages at $50. Error is assigned to the admission of certain testimony of witnesses for the county, the nature of which is hereinafter indicated.

[1, 2] It is also assigned as error that the finding of the jury that the balance of the tract of land was not damaged by the road is contrary to the undisputed evidence. It is shown that the road runs through the land cutting off about 20 acres on the west side. Appellant testified, and it was not disputed, that it would be necessary to fence the road at a cost of $80. He and another witness testified that running the road through the land in this manner depreciated the market value of the tract from $30 per acre, its value be-

fore the road was constructed, to $25 per acre. There is no competent evidence to the contrary. It is true certain witnesses testified over the objection of appellant, in substance, that the proximity of a hard-surfaced road as was proposed to be built would increase the value of a tract of land $5 per acre, but the witnesses were testifying generally to the benefit ordinarily resulting from the building of a good road in proximity to a tract of land, and not with reference to a tract which is cut in two by the road in an awkward shape, and which necessitated fencing expense. The testimony was inadmissible. It was not the proper manner of showing that the benefits, if any, peculiar to the tract as a whole offset the cost of the fencing and the damage incident to dividing the land in two parts.

The jury's finding is contrary to all the competent evidence upon the issue of incidental damage.

The testimony of the witness Pritchard was irrelevant and inadmissible, but was harmless.

Reversed and remanded.