## MARYLAND CASUALTY CO. v. SWANSON.

### No. 4551.

Court of Civil Appeals of Texas. Amarillo.

Feb. 17, 1936.

Rehearing Denied March 9, 1936.

R. H. Mercer, of San Antonio, for appellant.

Hull & Oliver, of San Antonio, for appellee.

### HALL, Chief Justice.

This case arose under the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.). Swanson, plaintiff, in his original petition, alleged as jurisdictional grounds that he was permanently and totally disabled as the result of injuries sustained in the course of his employment while working for Joseph E. Morgan & Sons on or about April 10, 1933, and that the appellant was the insurer; that he was dissatisfied with the award of the Industrial Accident Board, and prayed for a judgment in a lump sum. He alleged that he had not worked substantially a year, and that his average weekly wage was $40 per week, which was fair, just, and reasonable.

By his first-amended petition, upon which he went to trial, he still asserted his claim for $40 per week upon the ground that it was a just and fair wage, but this claim was in the alternative. He more specifically alleged that he had not worked substantially a year preceding the injury, but that there were others who were in that neighborhood who had so worked and made from $5 to $10 per day doing the class of work he was doing. He alleged that he was doing carpenter's work, steel work, concrete, and such other work as was incidental to same. In the alternative, he alleged $40 to be a fair and just rate.

The defendant, by its first-amended original answer, demurred generally and specially, and denied that the plaintiff was permanently and totally disabled, alleging that his incapacity, if any, was partial or was confined to his left forearm and hand, and that said member, if injured, was partial only. It is further alleged that plaintiff was working under a code at 30 cents per hour for thirty hours a week, and that the defendant had issued its policy based upon that rate, and that any other wage was not applicable to the case. That plaintiff had accepted thirty-nine weekly payments of $7 per week, and had acquiesced in said rate of compensation; that defendant had made such payments, relying on the plaintiff's action in accepting same without protest, wherefore plaintiff was estopped to claim compensation greater than $7 per week.

The case was tried to a jury, who found all issues in favor of the plaintiff. The court rendered judgment (allowing the discount) for $6,235.15, with 6 per cent. interest from February 20, 1935, dividing the amount between the plaintiff and his attorneys according to their agreement.

■ The first proposition is: "Where the jury's findings go no further than to find that the physical disability is permanent, as they did in this case, and they also find that plaintiff sustained total disability, it is absolutely essential to a recovery for permanent, total disability that he obtain a finding that such total disability is permanent, and in the absence of such a finding the court cannot, as he did in this case, render judgment for the plaintiff for total, permanent incapacity."

Issues 5, 6, 7, and 8, upon which this assignment is based, are as follows:

"5. Do you find from a preponderance of the evidence that the plaintiff, A. Swanson, suffered any physical disability arising from such injury, if any?

"6. Do you find from a preponderance of the evidence that such injury, if any, was a producing cause of such disability, if any?

"7. Do you find from a preponderance of the evidence that the plaintiff A. Swanson's physical disability, if any, caused from such injury is total?

"In answering the foregoing question No. 7, you will be guided by the following definition: 'Total physical disability' does not mean absolute disability to perform any kind of labor, but means disqualification from performing the usual tasks of a workman in such a way as to prevent him from procuring and retaining employment in the usual occupation which he is fitted to perform.

"8. Do you find from a preponderance of the evidence that such physical disability, if any, is permanent?"

The jury found, in response to question No. 7, that the appellee's disability resulting from this injury was total, and immediately following, in question No. 8, found that such disability was permanent. The issues, when considered together, are not subject to the criticism made by appellant.

The universal rule is that the charge of the court must be considered as a whole. As was said by Judge Critz in Petroleum Casualty Co. v. Williams (Tex.Com.App.) 15 S. W.(2d) 553, 554, 555: "The phrase such employment, as used in this subdivision, has meaning to refer back to something, and could only refer back to subdivision 1."

■ But aside from this, the appellant made no objection before the charge was read, nor did it request any further finding with regard to special issue No. 8. Before the sufficiency of the charge can be questioned in this court, proper objections must be made in the court below, except where there is an omission when in such case a correct issue must be tendered. Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183.

■ By several propositions the appellant insists that there is no testimony upon which the jury could render a correct answer to issue No. 11, which is as follows: "What sum of money do you find, from a preponderance of the evidence, was the daily wage of such workman inquired about in question No. 10?"

Question No. 10 inquires: "Do you find from a preponderance of the evidence that there was a workman of the same class as A. Swanson, doing the same class of work as A. Swanson was doing at the time he was injured, if he was injured, working substantially the whole of the year immediately preceding April 10, 1933, employed in a neigh-

boring place to the place where plaintiff, A. Swanson, received his injury?"

This contention must be sustained, together with proposition 4, which is: "There being no testimony that any employee doing the same class of work as the plaintiff, working substantially the year preceding the injury, earned the sum of $5.50 per day, and there being no testimony to what such employees earned doing the same class of work as the plaintiff it was error for the court to enter judgment on the jury's answer thereto which was absolutely unsupported by any testimony."

This same question was further discussed and decided by this court in Texas Indemnity Ins. Co. v. Smith, 73 S.W.(2d) 578, to which we refer for a further expression of this court's view upon the contention.

There is evidence showing a wage as low as $3 per day. Plaintiff alleged that there were other employees who had worked substantially the whole of the year immediately preceding his injury in the same or similar employment, and that such earnings were from five to ten dollars per day. He further alleged that others were doing such character of work earning from five to ten dollars per day. The verdict of the jury fixed his daily wage, based upon the wages of other workmen in that vicinity doing the same or similar class of work, at $5.50. This finding will require a reversal.

In Texas Employers' Ins. Ass'n v. Pearson, 67 S.W.(2d) 630, 633, where it appeared that the jury's finding as to the daily wage was not based upon the testimony of any one witness nor fixed in an amount as stated by any other witness, but rather that the jury had arrived at the amount by adding the various sums stated by several witnesses as the daily wage in that vicinity for workmen doing the same class of work, and had taken an average of said sums, this court, reversing the judgment, said:

"R.S. art. 8309 provides three methods of determining the average weekly wage of the claimant. If he has worked substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage which he has earned while so working. The evidence shows that this rule cannot be applied in determining the plaintiff's average weekly wage. The second method to be employed is where the complainant has not worked for the whole of the year for his employer, then his average annual wages shall be determined by ascer-

taining three hundred times the average daily wage of an employee in the same class, working substantially the whole of the year preceding the day of the injury or engaged in a similar employment in the same or neighboring place for such time. The third method is applicable where the employee has not been engaged in the class of work for such length of time as is specified under the first rule and where no other employee has been so engaged as is provided under the second rule. In that event the compensation shall be computed in any manner which may seem just and fair to both parties.

"The court submitted this special issue: 'Do you find and believe from the preponderance of the evidence that there were employees of the same class as the plaintiff working in and near Amarillo, Texas, substantially the whole of the year immediately preceding October 26, 1931, in the same or in a similar employment as the plaintiff was engaged in at the time of his injury, if any?'

"This was answered in the affirmative. In response to the next issue the jury then found that the average daily wages being earned by the plaintiff during the said year was $2.75. * * *

"The finding of the jury is attacked upon the ground that it is arbitrary and that there is no evidence whatever to support the finding that $2.75 a day was his average daily wage. This contention must be sustained. * * *

"One witness testified that during the time preceding the injuries, common laborers were receiving $4 per day. Another testified that they were being paid $2.50 per day, and the uncontradicted testimony is that common laborers in and around the cotton-oil mill where plaintiff was employed were paid the uniform price of $1.50. It is true that the jury are the exclusive judges of the weight of the evidence and the credibility of the witnesses, and they could have believed either of the witnesses who testified upon this issue and rejected the testimony of the others, but the amount of the verdict indicates that they did not believe either of the three and that they made their own estimate of what the average daily wage of common laborers was and fixed a price that is not supported by any testimony whatever.

"As said by Speer in his Law of Special Issues: 'The recovery in a case itself frequently presents a findable fact. This is especially true where the recovery is not a fixed and definite one, but is one dependent upon the evidence—or what is the same thing, upon the judgment of the jury—as to the amount.' Section 101.

"'Where there is an issue of damages to be recovered for personal injuries or where the amount depends upon the value of the property destroyed or converted and there is a conflict in the testimony, it is peculiarly within the province of the jury to find the amount and reconcile the conflict, if possible, rendering a verdict for whatever damages they think plaintiff has sustained; but that rule has no application to cases of this character. The statute fixes the amount of compensation according to the average annual wage of the plaintiff if he has worked a year, and if he has not worked as much as three hundred days, then his annual average wages shall be three hundred times the average daily wage earned by another employee of his class working substantially the whole of the immediate preceding year in the same or similar employment in the same or neighboring place. When from the evidence it can be ascertained what his average daily wage would have been, the jury is bound by the facts proven. In such cases they are not at liberty to arbitrarily fix the amount of compensation at a figure which is not supported by any testimony in the case. It has been frequently held that juries cannot arbitrarily set amounts in such cases which are not sustained by any evidence."—citing authorities, to which we add Nading v. Denison & P. Ry. Co., 22 Tex.Civ.App. 173, 54 S.W. 412.

In view of another contention urged by appellant, the testimony with reference to what workmen of a certain class are being paid by the day or by the week is not the expression of an opinion, but a statement of fact. Because the finding of the jury as to the daily wage is not supported by any testimony, and for the reasons stated in the Pearson Case, the judgment will have to be reversed.

Since the cause must be remanded for a further trial, it would be improper for us to discuss the other propositions, because in order to do so we would have to express our views as to the sufficiency and weight of the evidence, which we cannot afford to do.

For the reasons stated, the judgment is reversed, and the cause is remanded.