**NUNN v. DALY et al.**

**No. 10941.**

Court of Civil Appeals of Texas. San Antonio.

April 16, 1941.

Rehearing Denied May 14, 1941.

Atlas Jones and M. C. Chiles, both of Uvalde, for appellant.

Ross Doughty, Jr., of Uvalde, for appellees.

NORVELL, Justice.

This is an action of trespass to try title brought by Anna E. Daly, joined by her husband, E. F. Daly, against G. W. Nunn for the recovery of a certain tract of land situated in Uvalde County, Texas, and referred to as the "Deason land." Nunn filed a cross-action seeking a recovery of a money judgment against the Dalys upon certain agreements alleged to have been made with Nunn by E. F. Daly. It appears that Nunn was the tenant of Mrs. Daly, under a written agreement made by her husband, which expired on October 31, 1939.

Trial was to a jury upon special issues. Judgment was entered upon the verdict in favor of the Dalys for title and possession

of the land involved. Nunn was awarded a money judgment for the sum of $109.05. From this judgment Nunn has appealed.

Mrs. Daly's ownership of the property involved was conclusively established by the evidence, and the jury findings supporting appellant's money recovery were as follows:

1. That on or about November 10, 1938, E. F. Daly agreed with G. W. Nunn, that Nunn could improve the Deason land by constructing fences thereon at the expense of the owner of the land.

2. That the reasonable value of the labor performed by Nunn on the construction of fences on the Deason land prior to October 31, 1939 (excluding any labor performed in keeping the fences in good repair, as provided in the written lease between the parties), was $40.

3. That the reasonable market value of the posts and wire furnished by Nunn in connection with the construction of fences on the Deason land was $54.05.

4. That E. F. Daly, on or about November 10, 1938, authorized G. W. Nunn to haul water for livestock on the Deason land at the expense of the owner.

5. That the reasonable value of the services rendered by Nunn in hauling water for livestock prior to October 31, 1939, was $15.

All other issues submitted were answered unfavorably to appellant. The jury's answers to said issues are supported by the testimony, and will not be further noticed. The jury, in effect, found that there had been no extension of the time set for the expiration of Nunn's tenure as fixed by the written lease agreement.

■ Appellant, by his assignments of error, contends in effect that the sums found by the jury in answer to the issues upon which his money recovery is based, are inadequate; against the preponderance of the evidence, and should therefore be set aside. It is true that appellant's testimony, if believed by the jury, would support a much larger recovery than that actually awarded. As appellant was an interested party, the jury was not required to accept his testimony as true, even though it was not directly contradicted. It will be noted that the questions submitted to the jury made inquiry as to the reasonable value of services performed and materials furnished, which were matters of opinion, and surely the jury was not bound by appellant's estimate of such values.

■■ The rules governing the authority of an appellate court to set aside a verdict because of inadequacy are the same as those applicable to an excessive verdict. 13 Tex.Jur. 265, § 150. In Lang Floral & Nursery Co. v. Sheridan, Tex.Civ.App., 245 S.W. 467, 471, it is said: "* * * The amount of damages to be awarded in a case is as much within the province of the jury as the determination of any other issue of fact, and we are as much without authority to substitute our judgment for that of the jury in this respect as we are with reference to any other issue of fact, provided it does not reasonably appear to be based upon, or influenced by, something besides substantial evidence."

Being of the opinion that we are unauthorized to set aside the jury's findings upon the theory that the amounts awarded to appellant were inadequate, appellant's assignments raising this contention are overruled.

■ We overrule appellant's assignments attacking the action of the trial court in refusing to allow appellant to reopen the case after both sides had closed, for the purpose of allowing a trial amendment and the hearing of additional testimony. We hold that the trial court did not abuse its discretion in refusing appellant's requests. Day v. Andersen, Tex.Civ.App., 62 S.W.2d 201, and authorities therein cited.

■ We also hold that the trial court correctly refused to submit appellant's special requested issue, as the evidence would not support a finding favorable to appellant thereon.

■ Appellant also complains of the trial court's action in refusing to permit counsel for appellant to interrogate the foreman of the jury which rendered the verdict, upon hearing of motion for new trial. The assignment raising this contention is supported by a formal bill of exception, but this bill does not show what the testimony of the juror would have been had he been permitted to testify. We can not assume that the juror would have testified to facts which would vitiate his verdict. The assignment and supporting bill of exception does not disclose a reversible error.

What has been said disposes of all of appellant's assignments of error. The judgment of the trial court is affirmed.