**WALLACE v. VAN ZANDT COUNTY.**

No. 14758.

Court of Civil Appeals of Texas.

Dallas.

Jan. 15, 1954.

Sanders & Stanford, Canton, for appellant.

Joe Tunnell, Canton, for appellee.

DIXON, Chief Justice.

This is a condemnation case tried without a jury before the County Court of Van Zandt County, Texas. The landowner, W. P. (Penn) Wallace, has appealed from a judgment awarding him the sum of $25 as damages for the taking by the County for road purposes of a strip of land 40 feet by 420 feet from the side of a two-acre tract.

Appellant presents two points on appeal: (1) The court erred in ordering that the award of the special commissioners be made the judgment of the court, because the award may not be considered for any purpose; and (2) the judgment for only $25 is not supported by the evidence.

■ We sustain appellant's first point. It was error for the court to consider the award of the special commissioners in assessing appellant's damages. Hatchett v. State, Tex.Civ.App., 211 S.W.2d 771.

■ That the trial court did consider the award is evident, for there is nothing else in the record to support the court's finding as to the amount of the damages. Of three witnesses who testified as to the value of the strip of land taken, one witness testified its value was $250, another that its value was $100; and the third, appellant himself, that its value was $50. A finding of only $25 in the face of such testimony will not be permitted to stand. Nading v. Denison & P. Suburban Ry., 22 Tex.Civ.App. 173, 54 S.W. 412.

■ Appellee says that appellant himself introduced the commissioners' award into evidence; hence invited the error and may not now complain that the court considered it.

We think the record shows that appellant offered copies of the proceedings had before the special commissioners for the limited purpose of showing that the court had jurisdiction to try the case. We quote appellant's attorney: "We would like to introduce in evidence the condemnation proceedings *which actually put us in court.*" (Emphasis supplied.) At the close of the testimony, when the question arose as to whether the award was to be considered part of the general record of evidence, appellant's attorney said, "Anybody knows that the condemnation proceedings are not proceedings that should go in this record— I want the record clarified for the purpose of showing what is actually reflected." Counsel's language is not as explicit as could be desired, but in our opinion it plainly indicates that the proceedings, including the commissioners' award, were offered for the limited purpose of showing jurisdiction.

■ It was necessary for appellant to exhibit the award to the trial judge in order to show jurisdiction. Vey v. City of Fort Worth, Tex.Civ.App., 81 S.W.2d 228 (error dis.); Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682 (writ ref.). Moreover the filing of the award with the clerk is not sufficient. It must be filed with the judge himself. 16 Tex.Jur. 772.

This was a partial, not a whole taking, of appellant's land. The record shows an effort to conform to the rule laid down in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 at pages 201 and 202, for computing the depreciation in value, if any, of appellant's remaining land. The evidence offered fails to follow the rule in question. In view of the fact that there will probably be another trial of this case, we call attention to the insufficiency of the evidence in this connection.

■ The rule for computing a landowner's damages for a partial taking of land in a condemnation suit is this: First, find the market value of the strip of land taken; second, find the value of the owner's tract of land, *exclusive of the strip of land condemned,* immediately before the taking; and third, find the market value of the remainder of the land immediately after the

 

taking. To ascertain the depreciation, if any, in the value of the remaining tract, deduct finding No. 3 from finding No. 2. State v. Carpenter, supra.

 Appellant's evidence does not comply with the above requirements. There is no testimony bearing on the second of the prescribed findings. Appellant introduced evidence of the value of the *whole tract* before the taking (which is immaterial) ; but there is no evidence of the value *before* the taking of the whole tract *exclusive of the part taken.*

Appellant's two points of error are sustained. The judgment of the trial court is reversed and the cause remanded for another trial.