Tom J. **THOMPSON** et ux., Appellants,

v.

**STATE** of Texas, Appellee.

No. 3612.

Court of Civil Appeals of Texas.
Waco.

Dec. 18, 1958.

Andrew Campbell, Hamilton, for appellants.

H. W. Allen, County Atty., Hamilton, for appellee.

McDONALD, Chief Justice.

This is a condemnation suit. The parties will be referred to as in the Trial Court. The State of Texas ·as plaintiff instituted condemnation proceedings against defendants to take certain of their lands upon which to reconstruct U. S. Highway No. 281. Special Commissioners awarded defendants damages in the amount of $7,-500. Objections and exceptions to such award were taken by·the defendants. Trial was to a jury in County Court upon the sole issue of damages, defendants having filed their admissions under Rule 266, Texas Rules of Civil Procedure.

The jury found that:

1) 36.67 acres of land taken had a reasonable market value of $1,500.

2) The balance of defendants' land before the taking had a reasonable market value of $59,220.

3) The balance of defendants' land after the taking had a reasonable market value of $53,346.

The Trial Court awarded defendants judgment for $7,374.

Defendants appeal, contending:

1) The jury's answer to Issue 1, supra, finding the reasonable market value of the 36.67 acres taken to be $1,500, is not supported by and is contrary to the evidence.

2) The Trial Court erred in permitting plaintiff to read to the jury the amount

of money offered to defendants by plaintiff for the land in question.

3) The Trial Court erred in permitting counsel for plaintiff to inquire of defendants as to the original cost of acquisition of the land in question, over defendants' objection.

4), 5) The Trial Court erred in permitting plaintiff to elicit testimony from the witness Paul Henderson as to the value of defendants' remaining land in two separate tracts after the taking; and to elicit testimony from the witness Tom Diamond concerning the sale of land from one McCabe to one Weathers in 1952.

We revert to defendants' *3rd* contention, which complains of the action of the Trial Court in permitting plaintiff's counsel, over defendants' objection, to inquire of defendant the original cost of the land in 1950. Defendant replied that he paid $33,000 for 882 acres of land (or approximately $37.50 per acre). When counsel for plaintiff asked defendant how much he paid for the land, defendants' counsel objected to the question on the ground that the date of purchase, 1950, was too remote to have any bearing on the cash market value of the land, and that the question and answer were immaterial as to any issue for the jury as to the reasonable cash market value of the land (in 1958), and would be prejudicial to defendants. The Trial Court overruled the objection and made defendant answer the question.

The general rule governing the above is stated in 16 Tex.Jur., Sec. 248, p. 572, as follows:

"The cost to the owner of the land and of the improvements subsequently made is not of itself evidence of market value. If such evidence is to be received at all, it is not admissible when a considerable interval of time has elapsed between the date of the purchase and the time of the litigation."

See also Scott v. McLennan County, Tex. Civ.App., 306 S.W.2d 943, W/E Ref.N.R. E.; Hubbard v. Harris County Flood Control Dist., Tex.Civ.App., 286 S.W.2d 285, W/E Ref.N.R.E.

The object of the inquiry to the jury is to determine the reasonable market value of the property at the time of the taking. Market value in a condemnation suit is the price for which property will sell when offered by one who desires to sell, but is not obliged to do so; and is purchased by one who desires to buy, but is under no necessity of buying. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. Any evidence which may reasonably contribute to an answer of such issue is admissible. The price the owner paid for the property is not admissible as such (since it does not necessarily reflect on market value at the time of the taking). It may become admissible, however, if sufficient predicate be developed whereby the evidence tends in a reasonable manner to reflect on the market value at the time of taking. To render such evidence admissible, it should be shown that the sale was very recent; that values have not changed in the area since the date of such sale; that such sale was not a forced sale, or a "kinfolks' sale"; and that such sale was one between a seller who desired to sell but was not obliged to do so, and a buyer who desired to buy but was under no necessity of buying. When such predicate is laid, we think evidence of the price the owner paid for the property is admissible as tending to reflect on the reasonable market value at the time of the taking. Until such predicate is laid, the evidence is not admissible. As to how recent or how remote in point of time such purchase of the property occurred, the more remote in point of time the purchase, the less likelihood the admissibility of the purchase price—and the more recent the purchase, the more likelihood the admissibility of the evidence. The trial judge has and should have broad, but not unlimited discretion, in determining the admissibility of evidence of the price the owner paid for his property, under the foregoing rules.

Should the evidence be inadmissible upon application of the foregoing rules—but be erroneously admitted, one resulting vice is the influence of such on the jury to place a value on the owner's property below market value simply because the owner acquired it at a price considerably lower. See Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575, W/E Ref.N.R.E.; Couch v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 292 S.W.2d 901, W/E Ref.N.R.E.; City of Houston v. Pillot, Tex.Civ.App., 73 S.W.2d 585, reversed on other grounds Tex.Com.App., 105 S.W.2d 870.

Applying the rules announced, we have concluded that the Trial Court erred in requiring the defendant to testify as to the purchase price of the land over his counsel's objection for the reasons briefly hereinafter noted. The date of the purchase was nearly eight years previous to the date of taking. This interval of time, we think, renders the evidence of purchase price too remote to have probative value in arriving at the reasonable market value in 1958. There was no showing that values in 1950 were substantially the same as in 1958—and to the contrary, we take judicial knowledge of the fact that land values have increased generally during such period of time. Moreover, the record before us affirmatively shows that land values in Hamilton County have increased about 40% during such period. Finally, there was no showing that defendant had purchased the property in a free market sale. Defendants' contention 3 is sustained.

We recognize that there are cases in which evidence of the amount of money the owner paid for the property is erroneously admitted, but by reason of the amount of the award, and the other evidence of market value at the time of the taking, in the record, such error is deemed harmless. As will hereafter be demonstrated, this is not such a case.

█ We come now to consider defendants' 1st contention. The jury found that the 36.67 acres of land taken in condemnation had a reasonable market value of $1,500. Defendants say that such answer is not supported by the evidence, and is contrary to the great weight and preponderance of the evidence. There were five witnesses who testified as to the value of the land taken; three for the defendants, and two for the plaintiff. The witness Emmett testified that the reasonable market value of the land taken was *$3,430;* the witness Brunk testified the value was *$3,-320;* the witness Jones testified the value was *$3,300;* the witness Diamond testified the value was *$1,960;* the witness Henderson placed a value on the property of *$1,-742.85.* All of these witnesses testified as to the type and use of the land involved; broke it down into cultivated land, pasture land, irrigated land, etc., and testified in detail as to how they arrived at the value placed thereon. Taking the analysis made of the land and applying the lowest valuations made on such land, the lowest evidence even from plaintiff's witnesses was *$242.85* more than the value placed on the land by the jury.

██ Rule 328, T.R.C.P., provides that new trials may be granted when the damages are manifestly too small or too large. In condemnation, as in other cases, the rules governing the authority of an appellate court to set aside a verdict because of inadequacy are the same as those applicable to excessive verdicts. Schooler v. State, Tex.Civ.App., 175 S.W.2d 664, W/E Ref.W.M.; Nunn v. Daly, Tex.Civ.App., 150 S.W.2d 834, W/E Dis. judg. cor. And the appellate court will reverse and remand a condemnation case where the damages awarded are inadequate or without support in the evidence, or against the great weight and preponderance of the evidence. Nading v. Denison & P. Suburban Ry. Co., 22 Tex.Civ.App. 173, 54 S.W. 412; Cook v. Eastland County, Tex.Civ.App., 260 S.W. 881; Wallace v. Van Zandt County, Tex. Civ.App., 264 S.W.2d 202. See also In re King's Estate, 150 Tex. 662, 244 S.W.2d

660. It follows that contention 1 is sustained.

■ Defendants 2nd contention is levelled at the Trial Court's permitting the plaintiff to read paragraph IV of its petition in condemnation to the jury wherein it was stated that the Commissioners Court had offered defendants $6,745.60 for such property. Defendants waived their rights to have such excluded from the jury by their failure to except to such. Rule 90, T.R.C.P. Had defendants excepted to plaintiff's petition on such matter such exception would have been good, and would have undoubtedly been sustained by the Trial Court. Defendants' contention 2 is overruled.

■ Defendants' 4th and 5th contentions complain of certain evidence admitted by the Trial Court. We have carefully reviewed the testimony complained of and fail to perceive error. The matter complained of in defendants' 4th contention involved the witness' testimony as to value of the remaining portions of defendants' land. He gave his testimony by valuing the tract on one side of the road, and then valuing the tract on the other side of the road. There was no error here. Defendants' 5th contention involves the testimony of the witness Diamond concerning a 1952 sale of land in the vicinity. Question of the degree of similarity, and nearness of time and distance, to render sales of property admissible in evidence, is not predetermined by any inflexible, hard and fast general rule, and must rest largely in the discretion of the trial judge, and the rules vary with the facts of the cases. See City of Houston v. Pillot, supra. We cannot say that admission of this evidence constituted error. Contentions 4 and 5 are overruled.

The judgment of the Trial Court is reversed and the cause remanded.

Reversed and remanded.