Ira C. ROBERTS, Appellant,

v.

STATE of Texas, Appellee.

No. 15921.

Court of Civil Appeals of Texas.

Dallas.

Sept. 29, 1961.

Rehearing Denied Oct. 27, 1961.

L. F. Sanders, Canton, Wynne & Wynne, Wills Point, for appellant.

Will Wilson, Atty. Gen., Morgan Nesbitt, John B. Webster, Robert G. Scofield and David R. Thomas, Asst. Attys. Gen., for appellee.

WILLIAMS, Justice.

This is a condemnation proceeding instituted in the trial court by the State of Texas to condemn for highway purposes approximately 20.71 acres for right-of-way, and .61 acres for a channel easement, out of a 281.6 acre farm belonging to appellant, said property being necessary in the construction of Federal Interstate Highway 20 traversing Van Zandt County, Texas. In the taking of the necessary acreage, appellant's farm is divided into two parts so that approximately 55.54 acres remains on the south side of the proposed highway and approximately 205 acres on the north side. The parties stipulated as to the right to condemn, the statutory steps which had been taken, leaving only the issues concerning valuation of the property. Following the suggestion of the Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, the trial court submitted the case to a jury upon three special issues. In response to Special Issue No. 1 the jury found that the market value of the land taken was $2,986.60. In answer to Special Issue No. 2 the jury found the market value of the land, exclusive of the amount taken, immediately before the taking, to be $36,540. In answer to Special Issue No. 3 as to what would be the market value of the remainder of the condemnee's tract of land immediately after the taking by condemnor, the jury answered "$33,977". Final judgment based upon this verdict the landowner has perfected this appeal. No motion for new trial was filed in the trial court since, in accordance with Rule 329-a Texas Rules of Civil Procedure, (prior to the amendment to said Rule) the judgment was entered on November 4, 1960 and the term of court ended on November 6, 1960.

Appellant presents two points of error, (1) that there was no evidence to support the judgment entered by the court and the answer of the jury to Special Issue No. 3, and (2) that the judgment entered and the answer of the jury to Special Issue No. 3 was contrary to and against the overwhelming weight and preponderance of all the evidence and was clearly wrong and manifestly unjust.

As is usual in cases of this kind involving questions of value of real property the testimony of the various witnesses varied in different amounts and percentages. Testimony for the condemnee was presented from six witnesses whose opinions of the values varied from a high of $160 per acre to a low of $140 per acre for the 21.32 acres taken for highway purposes and easements. Their testimony for the balance of the land not taken varied from a high of $160 per acre to a low of $140 per acre before taking, and from a high of $98 (25% decrease) to a low of $75 (or 50% decrease), after taking or a difference before and after the taking of a figure of $20,822.40 to a low of $9,109.80. All of these witnesses testified to a decrease in value of the land following the taking.

For the condemnor only one witness was presented, T. M. Winn, who testified that the part taken was worth from $106 to $107 per acre or a total of $2,300; that the value of the remainder before taking would be $106 per acre or a total of $27,700 and that the value of the remainder, after taking, considering a decrease in value, would be $24,500, leaving a net damage of $3,200. The witness Winn frankly admitted to a

definite decrease in value of condemnee's land by the bisection of the property with its incident problems of access, drainage, etc.

In order to present a clear and comprehensive view of the various valuations placed upon this property we submit the following schedule:

Schedule

281.6 Acres Whole Farm
21.32 Acres Part Taken
(Including easement)
260.28 Acres Remaining

| Owner's Witnesses | Part Taken | Remainder Before | Remainder After | Damages |
|---|---|---|---|---|
| 1. Charles Curtis | $3,198.00 (150.00) 3,411.20 (160.00) | $39,042.00 41,644.80 | $23,425.20 (60.00 an acre) 26,028.00 | $15,616.80 15,616.80 |
| 2. Jack Lester | $3,198.00 (150.00) 3,411.20 (160.00) | $39,042.00 41,644.80 | $19,521.00 (50%) 20,822.40 | $19,521.00 20,822.40 |
| 3. George Yates | $3,198.00 (150.00) | $39,042.00 | $26,028.00 (50 an acre) | $13,014.00 |
| 4. Ralph Liston | $2,984.80 (140.00) | $36,439.20 | $27,329.40 (25%) | $ 9,109.80 |
| 5. Irby Mills | $3,411.20 (160.00) | $41,644.80 | $29,151.36 (30%) | $12,493.44 |
| 6. R. D. Deen | $3,198.00 (150.00) | $39,042.00 | $19,521.00 (50%) | $19,521.00 |
| State's Witness T. M. Winn | $2,300.00 | $27,700.00 | $24,500.00 | $ 3,200.00 |
| Jury Findings | $2,986.60 | $36,540.00 | $33,977.00 | $ 2,563.00 |

Since appellant's points are directed to Special Issue No. 3, which has to do with the value of the property remaining after taking, attention is directed to the third column of the above schedule which immediately reveals that the jury findings of $33,977 is far in excess of any testimony given by either the witnesses for condemnor or condemnee. The highest value assigned to the property by any witness for the appellant is from the witness Mills who sets the value after taking at $29,151.36. The State's witness, Winn, sets the value after taking at $24,500. Both of these maximum figures are less than that assigned by the jury and it is appellant's contention that this, taken with the overall picture of the case in its entirety, demonstrates that the answer of the jury to Special Issue No. 3 is contrary to the great weight and preponderance of the testimony and should therefore be voided.

Point 1, asserting that there is no evidence to support the jury findings to Special Issue No. 3, is overruled. It has been held in Maddox v. Gulf, Colorado & Santa Fe Ry. Co., Tex.Civ.App., 293 S.W.2d 499, (err. ref. n. r. e.) that in a condemnation case of this kind the jury, when considering the value of condemnee's remaining property immediately after condemnation, are restricted only by the lowest figure testified to. See Houston Belt & Term. Ry. Co. v. Lynch, Tex.Civ.App., 185 S.W. 362, affirmed Tex.Com.App., 221 S.W. 959. Also, in McConnico v. Texas Power & Light Co., Tex.Civ.App., 335 S.W.2d 397, (err. ref. n. r. e.) the court held that a jury is at liberty to reach its conclusion by blending all of the evidence admitted before them, aided by their own experience and knowledge of the subject of inquiry; that they are not compelled to credit all the testimony of any witness or to reject it all. Moreover, our courts have held that opinion evidence is not conclusive. A jury may consider and accept or reject such opinions or it may find its own opinion from evidence and by utilizing its own experience in matters of common knowledge. McCarthy v. City of Amarillo, Tex.Civ.App., 307 S.W.2d 595, (err. ref. n. r. e.); Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943 and Nelson v. State, Tex.Civ.App., 342 S.W.2d 644.

Viewing the evidence most favorably against appellant on this point of "no evidence", as we are required to do, and in view of the authorities above cited, we are of the opinion that we cannot say that there is no evidence to support the submission or answer of Special Issue No. 3, and therefore, appellant's first point is overruled.

However, when we consider appellant's point No. 2 having to do with his contention that the verdict of the jury is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust, we are required by the Supreme Court to apply a different rule. As said by the Supreme Court and In re

King's Estate, 150 Tex. 662, 244 S.W.2d 660, the question requires us to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial if we conclude that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust, regardless of whether the record contains "some evidence of probative force" in support of the verdict.

In obedience to the mandate of the Supreme Court we have carefully reviewed this entire record, weighing the evidence both for and against the verdict, and we are impelled to one conclusion and that is the answer of the jury to Special Issue No. 3 is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In reaching this conclusion we are not unmindful of those authorities relied upon by the State concerning the weight and sufficiency of opinion evidence. We are greatly impressed with the overall testimony of all the witnesses who testified for both the condemnor and condemnee. Each and every one of these witnesses testified that they were thoroughly familiar with the farm; that it was a good Van Zandt County farm; that the taking of the land by the State would materially decrease the value of the land, especially in that it would cut the farm into two sections; that the part lying south of the highway would especially be damaged in lack of ingress and egress, problems of drainage, etc. There is abundant testimony concerning the practical problems incident to the taking; the drainage problems; the cuts and fills necessary for the building of the highway. All of the testimony, considered in the light of common sense and reason, points but to one direction and that is material damage to the value of the property remaining after taking by the State. In the face of all of this testimony, including the testimony of the witness for the State, the jury's verdict is $9,477 more than the valuation placed on the land, following the taking, by the State's own wit-

ness. It is far greater·than any valuation of the remaining property testified to by any of the six witnesses for the condemnee. We find no basis for this verdict.

As stated in Thompson v. State, Tex. Civ.App., 319 S.W.2d 368, 371, an appellate court will reverse and remand a condemnation case where the damages awarded are inadequate or without support in the evidence, or against the great weight and preponderance of the evidence. We think that Chief Justice McDonald of the Court of Civil Appeals at Waco in the Thompson case, supra, clearly enunciated the rule applicable here when he said:

"(7, 8) Rule 328, T.R.C.P., provides that new trial may be granted when the damages are manifestly too small or too large. In condemnation, as in other cases, the rules governing the authority of an appellate court to set aside a verdict because of inadequacy are the same as those applicable to excessive verdicts. Schooler v. State, Tex.Civ.App., 175 S.W.2d 664, W/E Ref. W.M.; Nunn v. Daly, Tex.Civ. App., 150 S.W.2d 834, W/E Dis. judg. cor. And the appellate court will reverse and remand a condemnation case where the damages awarded are inadequate or without support in the evidence, or against the great weight and preponderance of the evidence. Nading v. Denison & P. Suburban Ry. Co., 22 Tex.Civ.App. 173, 54 S.W. 412; Cook v. Eastland County, Tex.Civ.App., 260 S.W. 881; Wallace v. Van Zandt County, Tex.Civ.App., 264 S.W.2d 202. See also In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. It follows that contention 1 is sustained."

Finding, as we do, that the verdict of the jury in answer to Special Issue No. 3 is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust, it necessarily follows that the judgment of the trial court is reversed and remanded for a new trial.