220 A.2d 182.

EDWARD A. CAMPOS *et ux. vs.* JOHN F. CAPALDI, *in his Capacity as Director of Public Works.*

JUNE 6, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

PAOLINO, J. This is a petition for the assessment of damages by a jury pursuant to the provisions of G. L. 1956, chap. 6 of title 37, for land condemned and taken by the state for highway purposes and for damages to the remainder of the petitioners' real estate occasioned by such condemnation. The case was heard by a justice of the superior court sitting with a jury and resulted in a verdict for the petitioners in the sum of $429. They filed a motion for a new trial on the usual grounds and also on the ground that the damages were grossly inadequate. The case is here on their exceptions to the denial of such motion and to certain evidentiary rulings.

The petitioners' "Second" exception is to the overruling of their objection to a question put to one of them, while being cross-examined by the state, as to the price paid by petitioners when they purchased the premises in December 1955. They based their objection on the ground that "the price as paid in 1955 is immaterial in so far as this particular action is concerned." The trial justice allowed the question on the ground that a sale in 1955 was so close in time

to 1960 that he could not rule as a matter of law that such testimony would be of so little probative value as to be wholly irrelevant. The petitioners contend that the trial justice committed reversible error in admitting such testimony.

On the basis of this record there is merit in petitioners' contention. Consequently we must send the case back for a new trial and in view of this conclusion we do not deem it necessary to consider any of their other exceptions.

The general rule is that evidence of the price paid for property which is the subject of condemnation proceedings is admissible, if the sale was bona fide, was voluntary, was relevant in point of time, and involved the same property. 5 Nichols, Eminent Domain (3d ed.), §21.2, p. 410; *Ward* v. *Commonwealth*, 390 Pa. 526; *B. & K., Inc.* v. *Commonwealth*, 398 Pa. 518.

In the case at bar the trial justice allowed this testimony in the presence of the jury and without any proper foundation having been laid. It appears from the transcript that it was not until after this testimony was in evidence that it developed from further testimony that the premises in question had been purchased by petitioners at a mortgagee's sale. This was not a voluntary seller-and-buyer transaction and the mere fact that it occurred in 1955 did not, standing alone, render such testimony admissible. While the cases are in conflict on the question of the admissibility of evidence pertaining to the price paid for property involved in condemnation proceedings, we believe that the better rule requires that a proper foundation be laid before such testimony is admitted in evidence and that a preliminary inquiry be conducted in the absence of the jury.

As the court said in *Thompson* v. *State*, Tex. Civ. App., 319 S.W.2d 368, 370:

> "The price the owner paid for the property is not admissible as such (since it does not necessarily reflect on market value at the time of the taking). It may be-

come admissible, however, if sufficient predicate be developed whereby the evidence tends in a reasonable manner to reflect on the market value at the time of taking. To render such evidence admissible, it should be shown that the sale was very recent; that values have not changed in the area since the date of such sale; that such sale was not a forced sale, or a 'kinfolks' sale'; and that such sale was one between a seller who desired to sell but was not obliged to do so, and a buyer who desired to buy but was under no necessity of buying. When such predicate is laid, we think evidence of the price the owner paid for the property is admissible as tending to reflect on the reasonable market value at the time of the taking. Until such predicate is laid, the evidence is not admissible. As to how recent or how remote in point of time such purchase of the property occurred, the more remote in point of time the purchase, the less likelihood the admissibility of the purchase price—and the more recent the purchase, the more likelihood the admissibility of the evidence. The trial judge has and should have broad, but not unlimited discretion, in determining the admissibility of evidence of the price the owner paid for his property, under the foregoing rules. Should the evidence be inadmissible upon application of the foregoing rules—but be erroneously admitted, one resulting vice is the influence of such on the jury to place a value on the owner's property below market value simply because the owner acquired it at a price considerably lower. * * *"

We agree with the reasoning of the court in *Thompson* v. *State, supra,* and believe that the rule set forth in that case will better promote the interests of justice. In the circumstances we hold that the ruling in question constituted reversible error.

The petitioners' second exception is sustained and the case is remitted to the superior court for a new trial.

*Dolbashian and Chappell, Paul M. Chappell,* for petitioners.

*J. Joseph Nugent,* Attorney General, *William F. Fidalgo,* Assistant Counsel, for respondent.