## Eastern Texas Railway Company v. J. M. Scurlock.

### No. 1285. Decided February 9, 1904.

**1.—Railway in Street—Damages to Abutting Property—Case Followed.**

The rulings in Boyer & Lucas v. St. Louis, San Francisco & Texas Railway Company, 97 Texas, 107, as to measure of damages to abutting residence property by the noise, smoke, cinders, etc., incident to the operation of a railway in the street followed. (P. 308.)

**2.—Same—Charge.**

Charges criticised as misleading, in implying that damages were recoverable for depreciation in the value of property considered only with reference to its use as a residence. (P. 308.)

**3.—Value—Opinion Evidence.**

A witness who shows that he has no knowledge of the value of residence property before or after the construction of a railway near it, can not give his opinion thereon based on his personal preferences, or on what others have said about it. (Pp. 308, 309.)

**4.—Value—Evidence—Cross-Examination.**

A plaintiff suing for damages to his residence property by construction of a railway near thereto, and giving his opinion as to its former and present values, may be cross-examined as to what he would take for it now, for the purpose of testing the accuracy of his estimates. (P. 309.)

Error to the Court of Civil Appeals for the First District, in an appeal from Angelina County.

The railway company prosecutes error upon the affirmance, on its appeal, of a judgment recovered against it at suit of Scurlock.

*E. J. Mantooth,* for plaintiff in error.—There can be no question that a fair interpretation of the measure of damages given by the court to the jury is that they were instructed to find the difference between the value of the property for homestead purposes just before the railroad was built in Herndon Street and its value for homestead purposes just after the railroad built in Herndon Street.

The measure of damages to property from construction and operation of a railroad in a street is the difference in its highest market value just before and just after the construction of the road.

In suits against railroads for building and operating a railroad in a city by abutting property owners it is error to allow evidence as to its particular value for any special or particular purpose, but the particular purpose for which the property is most valuable. Boom Co. v. Patterson, 98 U. S., 403; Alloway v. City of Nashville, 88 Tenn., 510.

It is error to exclude any question on cross-examination of plaintiff that might be pertinent to the issues to be decided by the jury on all matters connected with the res gestae. Evansich v. Gulf C. & S. F. Ry. Co., 61 Texas, 24; Cox v. Railway Co., 20 Texas, 250; Jones v. McCoy, 3 Texas, 353.

The market value of plaintiff's property before and after the acts of defendant as complained of being the only issue in the case, plaintiff having stated in the abstract the value of his property as a homestead before the alleged injury to be $2000 and $1000 after the alleged injury, it was proper to ask him any question on cross-examination that would test the truth of such statements or impeach his statements. Copeland v. Lake, 28 S. W. Rep., 105.

Opinion of witness as to market value of property, who has been shown not to know such value, is erroneous. Eastern T. Ry. Co. v. Eddings, 70 S. W. Rep., 98; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 186; Bailey v. Chapman, 15 Texas Civ. App., 240; Moore v. Kennedy, 81 Texas, 144; Ruby v. Railway Co., 80 Texas, 172.

Hearsay testimony where the evidence is conflicting is reversible error. Rankin v. Bell, 85 Texas, 28; Williams v. Deen, 5 Texas Civ. App., 575; Downtain v. Connellee, 2 Texas Civ. App., 95.

*M. M. Feagin* and *J. C. Feagin,* for appellee.—Where a railway company makes improvements, such as the erecting of freight and passenger depots in a town and the building and maintaining of such depots, it necessarily affects the value of property of numerous property owners in that particular community. Whatever damages such railway company may do to the property of one person across the street from such depots by reason of the building, maintaining and operating a railroad in such street can not be offset by reason of such building and maintaining of such depots in that community. Rev. Stats., 1895, art. 4462; Railway Co. v. Fuller, 63 Texas, 467; Golberg v. Railway Co., 68 Texas, 688; Morrow v. Railway Co., 81 Texas, 406; McFadden v.

Schill, 84 Texas, 81; Haynie v. Railway Co., 3 App. C. C. (W. & W.), sec. 343.

Where a suit is for damages to the use and occupancy of residence property occasioned by reason of the construction, maintenance and operation of a railroad in a public street abutting on the front of such property, the damages done such property which destroy and tend to destroy the use and value of such property for such use can not be offset by improvements made upon private or individual property of appellant. Allen v. City of Paris, 1 App. C. C. (W. & W.), sec. 888; Gulf, C. & S. F. Ry. Co. v. Eddins, 60 Texas, 656; Worsham v. Railway Co., 3 App. C. C. (W. & W.), sec. 425.

Whenever a railway company builds in a street and damages abutting residence property which was intended for, occupied and used as such, it is liable to the owner of such property irrespective of the value of same for other purposes. Railway Co. v. Eddings, 70 S. W. Rep., 98; Railway Co. v. Fuller, 63 Texas, 467; Railway Co. v. Baptist Church, 108 U. S., 317.

Where a party is suing a railway company for damages done to his homestead by reason of the building of a railroad in an abutting street, his damages are not determined by what he would take for such homestead after such construction, but the value of same is fixed by the extent of the injuries done to such property as regards the use for which the property was intended and used; and it is not error for the trial court to exclude testimony of the appellee as to what he would take for his property in its present condition. Rev. Stats., art. 4462; Railway Co. v. Fuller, 63 Texas, 467; Coapland v. Lake, 28 S. W. Rep., 104; Railway Co. v. Kell, 4 App. C. C. (W. & W.), sec. 150; Railway Co. v. Baptist Church, 108 U. S., 317.

Appellant can not be heard to complain of the refusal of the court to admit testimony as to what appellee would now take for his property, appellant having failed to complain that the verdict and judgment is excessive. Railway Co. v. Kell, 4 App. C. C. (W. & W.), sec. 150.

Opinion of witnesses based upon their own knowledge and hearsay are admissible in testimony to determine the increase or decrease in the valuation of property. Telegraph Co. v. Forke, 2 App. C. C. (W. & W.), sec. 365; Railway Co. v. Chenault, 4 App. C. C. (W. & W.), sec. 112; Railway Co. v. Waples, 3 App. C. C. (W. & W.), sec. 411.

The only serious contention by appellant is that the court erred in confining the trial of this case to the question of damages to appellee's property as a homestead, or homestead property, appellant's contention being that the damages ought to be fixed or measured by the increase or decrease in value for any purpose, regardless of the purpose or use of the property of appellee in his purchase, improvement and use of the same. And, as is shown on page 51 of its brief, it is conceded by appellant that if appellant is not correct in its contention as to the law in fixing and measuring damages in cases of this kind, then the verdict and judgment in this case is correct. That appellant is in error as to

the law applicable to cases of this kind and that the trial court was correct, we call this court's attention especially to the following authorities: Rev. Stats., art. 4462; Eastern T. Ry. Co. v. Eddings, 70 S. W. Rep., 98; Railway Co. v. Fuller, 63 Texas, 467; Railway Co. v. Baptist Church, 108 U. S., 317.

WILLIAMS, ASSOCIATE JUSTICE.—Defendant in error sought by this action to recover damages resulting from the construction and operation of defendant's depot and railway upon a public street adjacent to his homestead. An element of damage claimed was diminution in the value of the property. The evidence tended to show interference with the comfort and convenience of plaintiff and his family in the use of their home by noise, smoke, cinders and other circumstances connected with the operation of the road, and that the property had been thereby rendered less suitable for a residence. Other testimony tended to show that, notwithstanding these things, the market value of the property had not been diminished but increased by reason of special benefits resulting from improvement of the street and the location of the road and depot. It is now claimed by the plaintiff in error that the charge of the court authorized the recovery of damage, as for decrease in the value of the property, if its value for use as a residence, only, was lessened, although its market value generally, because of benefit arising from the presence of the railroad, was as great or greater than it was before the location of the road. The rule of law upon the subject is laid down in the case of Boyer & Lucas v. St. Louis, San Francisco & Texas Railway Co., 97 Texas, 107, 1 Texas Law Journal, 315, and need not be restated. The charges given in this case in terms made the measure of damage the difference in the market values before and after the construction and operation of the road, but contained such repeated directions to the jury that they should, in determining this, consider the purpose for which the property was used, that it was probably calculated to convey the idea that the values for that use were to control, or, at least, to unduly emphasize the fact so often referred to. It is doubtful if plaintiff in error, having asked a special charge in substantially the same language as that used by the court, can complain of this. As the judgment is to be reversed on other points, the objections noticed can be obviated in another trial.

We are of the opinion that the evidence of the witness J. J. Richardson as to the effect of the railroad upon the value of the property should have been excluded. His answers showed he had no knowledge of the value of the property before or after the acts of the defendant complained of, but he was allowed to state what others had said to him and also his own private preferences upon the subject. Opinions of competent witnesses are admissible on such questions with proper limitations; one of which is, that before being allowed to give opinions, they must be shown to possess knowledge sufficient to enable them to form intelligent ones. Unless a witness is thus qualified, he is not in a

better position to form an opinion than the jury. Whatever may have been the opportunities of this witness to form an opinion, he candidly admitted that he did not know the effect upon values which the railroad produced, and undertook only to state that he himself would prefer the property if the road were not there, and what other people had said to him. His individual preferences were irrelevant, and the statements of others hearsay. Southern Pac. Ry. Co. v. Maddox & Co., 75 Texas, 305. The plaintiff having testified, in chief, that the value of his property before the construction of the railway was $2000, and since such construction was $1000 or $1250, he was asked on cross-examination the following questions, to each of which, in succession, objection of his counsel that this was not the rule for arriving at the market value of the property, was sustained: "What will you take for your place now?" "Will you take $1000 for your place now?" "You say the market value of your place now is $1250; will you take that for it?" We are of opinion that the questions were proper cross-examination. The defendant had the right, in all proper ways, to test the good faith and accuracy of the plaintiff's statements in chief, and this was one legitimate method of doing so. That the answer to the questions may not have afforded the proper measure of damage may be true, but with such explanations as the witness might have offered, they might have given some help to the jury in determining the fairness and correctness of the witness' statements of values. The judgment is reversed and the cause remanded.

*Reversed and remanded.*