**TENNESSEE GAS TRANSMISSION CO. v. SAMPLE et al.**

No. 12350.

Court of Civil Appeals of Texas. Galveston.

Jan. 17, 1952.

Rehearing Denied Feb. 7, 1952.

Stofer, Proctor, Houchins & Anderson, Conde N. Anderson, Victoria, for appellant.

S. G. Sample, of Edna, for appellees.

MONTEITH, Chief Justice.

This appeal from the County Court of Jackson County was brought by Tennessee Gas Transmission Company for condemnation of an easement for a right-of-way for a pipe line for the transmission of gas, across lands belonging to S. G. Sample and wife, on which W. F. Germer was a tenant. S. G. Sample and wife and W. F. Germer appealed to the County Court of

Jackson County from the award of damages by the commission appointed by the County Judge. W. F. Germer assigned his claim for damages to S. G. Sample and wife. The right-of-way sought contained a total of 7.11 acres of land.

A jury found that the reasonable market value of the 7.11 acres of land sought as a right-of-way was reasonably valued at $888.75; that the reasonable market value of the right-of-way, subject to an existing leasehold interest was $177.75, that the market value of the remainder of appellees' land, crossed by said easement, but not included in the right-of-way, immediately before the condemnation, was $130,000, and that its market value immediately after the condemnation of the right-of-way strip was $127,500. Based on the answers to such special issues, the trial court rendered judgment in favor of appellees for damages arising from the condemnation of an easement 50 feet in width in part, and 100 feet in width in part, across appellees' lands, and for incidental damages to adjacent lands owned by appellees, for the sum of $3,384.32.

The judgment of condemnation provided that the pipe line should be buried to a depth of not less than 24 inches beneath the surface of the soil; that all mineral rights should be reserved to appellees; that appellees should retain the full use and enjoyment of the premises except as might be inconsistent with or interfere with the rights necessary to appellant in the construction, operation and maintenance of the pipe line, and that appellees should retain the right to place along and across said right-of-way any fences, ditches, streets, et cetera, that they might desire, provided that appellant might remove such obstructions when this removal was required for the operation of the pipe line.

Under its five points of assigned error, appellant contended that the court erred in overruling its objections to the court's charge, filed prior to its submission to the jury, for the alleged reason that Special Issue No. 2, as framed, did not allow the jury to consider appellees' future use of the strip of land upon which the easement was condemned, or to consider the fact that such strip would be restored to complete productivity. It contended that Special Issues Nos. 3 and 4 of the court's charge did not limit the jury in its consideration of such issues to the amount of land which would be affected by the easement condemned; that the court erred in excluding testimony in reference to the effect upon uses of land that was caused by the construction of a pipe line and that the amount of damages found by the jury in favor of appellees was manifestly excessive under the evidence in the record.

Appellant in this action sought to condemn only an easement across appellees' lands. It did not seek a complete taking of the right-of-way strip across appellees' lands. The tract of land crossed by the pipe line contains in excess of 1,300 acres of land in addition to the 7.11 acres embraced in the right-of-way.

In the recent case of Texas Pipe Line Co. v. Hunt, 228 S.W.2d 151, it was held by the Supreme Court of this State that what the condemnor "took" in that case was merely an easement, which, being in law less than the fee title, the judgment could in law only entail compensation for less than the value of the fee title, citing Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W.2d 266, 17 S.W.2d 774; Texas Electric Service Co. v. Perkins, Tex. Com.App., 23 S.W.2d 320.

In the case of Aycock v. Houston Lighting & Power Co., Tex.Civ.App., 175 S.W.2d 710, this Court, in passing on a question similar to that involved in this appeal, held that a public utility could only use what is reasonably needful to carry out the purposes for which the land is taken and that, when the whole of the tract is not taken, the character of the easement condemned, and the manner in which the rights of the condemnor are to be exercised and the rights and privileges left in the owner, may properly be taken into consideration in assessing the damages, citing the case of Texas Power & Light Co. v. Hill, Tex.Civ.App., 27 S.W.2d 842 (error dismissed).

Appellant contended and under the record shows that, on the trial, the court

excluded testimony of appellant's witness, Phil Asbeck, who was asked if the existence of a pipe line on land that he had contemplated purchasing had affected his desire to purchase the land in any way. The trial court sustained appellees' objection to the testimony on grounds that it would probably be prejudicial and would not be helpful to the determination of market values. On the retirement of the jury, the witness testified in substance that if he were using the land on which the pipe line had been constructed for grazing purposes the existence of the pipe line would make no difference to him, but that if he were using it for farming purposes the telephone line used in connection with the pipe line would interfere with it for farming purposes, but, that if the poles had not been there, the line would not make any difference.

The trial court also excluded the testimony of appellant's witness, O. E. McNeil, on the same objections by appellees. In the absence of the jury Mr. McNeil testified in substance that he was familiar generally with lands across which gas pipe lines had been laid and that the existence of a pipe line did not interfere with the operation of a farm or a ranch.

■ It was held in the case of State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 201, which involved the condemnation of a right-of-way, that the correct method of adducing evidence as to market value is by witnesses, after suitable qualification, giving their opinion as to the market value of the residue before and after the taking, and that "If the witness answers that there has been a depreciation or an enhancement in the market value after the taking, in either event it is proper to question him as to the basis of his opinion and the matters he has taken into consideration in arriving at his opinion."

In 16 Tex.Jur. 1025, Sec. 343, it is held that in condemnation proceedings, when it becomes necessary to ascertain the damage to the land by reason of the construction or operation of the work, the particular use of the property and the business carried on are to be considered with the view of finally ascertaining the damages.

In the case of Texas Pipe Line Co. v. Hunt, supra [228 S.W.2d 156], the Supreme Court said that the question of depreciated market value is largely a matter of opinion evidence, and that a very wide range of factors may be legitimately taken into consideration by qualified witnesses as the foundation for their opinion, and that "The question of market value is thus peculiarly one for the fact finding body, subject to the control of the court in the manner indicated in the Carpenter case, as well as through the powers of the trial court and Court of Civil Appeals with respect to verdicts properly classed as excessive."

■ Under above authorities, we think that the court erred in excluding the testimony of the witnesses Asbeck and McNeil and appellant's contention must, we think, be sustained.

The right-of-way condemned by plaintiff contains 7.11 acres. Under the answers of the jury in response to Special Issues Nos. 1 and 2, appellees were awarded $100 per acre as damages for the condemnation of said right-of-way strip. The record shows that this amount was the highest estimate of the value of said 7.11 acres of land made by any witness in the case other than the testimony of the appellee S. G. Sample, who testified that the land condemned was worth more than $100 per acre.

■ Under the record, it is apparent that the jury awarded appellees the full market value of the right-of-way strip.

■ Since in this proceeding for the condemnation of an easement for a pipe line right-of-way, all the condemnor may take is merely an easement, which, in law is less than the fee title, the action may in law only entail compensation for less than the value of the fee title.

Judgment of the trial court is set aside and the cause remanded to the trial court for another trial.