## S. G. SAMPLE ET AL V. TENNESSEE GAS TRANSMISSION COMPANY.

No. A-3572. Decided July 9, 1952.
Rehearing overruled October 1, 1952.
(251 S. W., 2d Series, 221.)

402

*S. G. Sample,* of Edna, for petitioners.

The Court of Civil Appeals erred in holding that the trial court should have admitted evidence of witnesses, offered for the pipe line company and duly objected to by petitioners, in answer to questions propounded after witnesses had failed to

qualify as experts on the market value of the land affected by the condemnation suit. Texas Power & Light Co. v. Snell, 15 S.W. 2d 180; Grayce Oil Co. v. Peterson, 128 Texas 550, 98 S.W. 2d 781; George West. Ind. Sch. Dist. v. Bartlett, 211 S.W. 2d 1010.

*Stofer, Proctor, Houchins & Anderson* and *Conde N. Anderson*, all of Victoria, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

Respondent, Tennessee Gas Transmission Company, instituted a statutory condemnation proceeding before the County Judge of Jackson County, Texas, against Petitioners, S. G. Sample and wife, and W. F. Germer for the condemnation of a pipe line right of way across lands belonging to the Petitioners, and on which W. F. Germer was a tenant of the owners. After due proceedings before special commissioners appointed by said county judge, an award for damages was entered by said special commissioners, and the said S. G. Sample and wife, and W. F. Germer appealed to the county court of Jackson County, Texas, by filing objections and exceptions to such award. W. F. Germer assigned his claim for damages to the Petitioners, and thereafter a jury trial was had in the county court. Based upon the verdict of the jury, the trial court entered its judgment against Respondent and in favor of the Petitioners for the sum of Three Thousand Three Hundred Eighty-four and 32/100 ($3,384.32) Dollars for damages arising from said condemnation. On appeal the judgment was reversed and remanded by the Court of Civil Appeals at Galveston. 245 S.W. 2d 735. This Court has granted a writ of error.

The trial court in its charge submitted four special issues and the answers thereto constituted the verdict of the jury, which was the basis of the judgment entered in favor of the Petitioners. The jury found in answer to Issue No. 1 that the reasonable market value of the 7.11 acres immediately before taking of the easement for right of way purposes was the sum of $888.75, and in answer to Issue No. 2 that the value immediately after the taking was the sum of $177.75. The judgment awarded Petitioners the sum of $711.00, or $100.00 per acre damages for the value of the easement.

The Court of Civil Appeals has held that the jury awarded Petitioners the full market value of the land. We cannot agree

with this conclusion, nor the rason given by the court supporting such conclusion.

1 The trial proceeded on the pleadings wherein the condemnor sought an easement. The Petitioner admitted the right of Respondent to "condemn the land that is involved in this controversy and that the only issues are the issues of the reasonable market value of the property taken and of the damages to the remainder of the 1332 acre tract involved in the litigation which the easement condemned crosses, and we assume the burden of proof in the case." The charge of the court defined the term "easement" and the four special issues were very similar in form to those approved in Texas Pipe Line Co. v. Hunt et ux, 222 S.W. 2d 128. (Id. 149 Texas 33). The method of adducing evidence on the issue of market values conformed to the rule announced in State v. Carpenter, 126 Texas 604, 89 S.W. 2d 194. The evidence clearly and convincingly supports the findings of the jury. The Petitioner, S. G. Sample and Joe Hafternick, a witness for Petitioner, each testified on the question of market value and gave evidence of values and damages in excess of that fixed by the jury.

2 Petitioner next presents as error the holding of the Court of Civil Appeals that the trial court erred in excluding the testimony of the witnesses Phil Asbeck and O. E. McNeil. Both witnesses were called by the Respondent and each testified they were not familiar with the market value of the lands involved in this suit or similar land in the area. In view of such testimony, the trial court sustained an objection by Petitioners to the effect that the Respondent had failed to qualify the witnesses as being competent to testify as to the market value of the land.

The Respondent made no further effort to meet the objection which had been sustained, and likewise no complaint was made to such ruling on appeal. Consequently, the witnesses, so far as this case is concerned, were not in possession of sufficient knowledge to give an opinion as to the market value of the property.

3 After failing to qualify the witness, Asbeck, to testify as to the market value of the Sample's land, the Respondent proponded a series of questions to said witness, as follows:

(1) Q: "Mr. Asbeck, do you own some land that has a pipe line across it? Answer: Yes, sir.

(2) Q: "Has the existence of that pipe line interfered in any way with your use of that land?

(3) Q: "Now, I would like to ask you, Mr. Asbeck, if the existence of that pipe line affected your desire to purchase the land in any way?"

Objections were made by Petitioners to questions Two and Three above and were by the trial court sustained. The jury was retired and the court permitted the witness to answer the questions to enable the Respondent to complete his Bill of Exception.

The answer to question No. Two was as follows:

A. "Well, of course, I am using it for grazing purposes. For farming purposes it would if I farmed it because there is a telephone line going through there and naturally poles and things going through there does interfere with it. Of course, I am using it for grazing purposes and it doesn't make so much difference there for that purpose, but if a farmer was to farm it and running roads and things along there, those poles along in there naturally would interfere. The pipe line itself, but the poles do make a difference. Of course, the pipe line, I guess, is buried deep enough because it has been farmed after it was there but the poles do make a lot of difference. Of course, any farmer would say naturally you have got to go around them and make some changes. But the line, of course, it—if the poles wasn't there, the line wouldn't make any difference.

"Q. (By Mr. Stofer) If the poles weren't there, it wouldn't make any difference? Is that your answer?

"A. As far as farming or grazing or anything else that I can see."

The answer to question No. Three was as follows:

A. "Well, I didn't give it much thought. I felt like I bought the land right, worth the money, and naturally when you buy something with something on there, you have to take it like it is or not take it, and of course, my decision was to purchase it. Like I say, if those poles hadn't been on it—I would rather they hadn't been, but they were already there, and I have the same condition at home as far as that is concerned, with the high line going through there, you know, but it was there when I purchased it and nothing I can do about it. It's there."

We think the trial court correctly excluded this testimony.

The evidence could not have possibly been of any aid to the jury in determining the issues of market value of the land in question. The record shows that the land owned by the witness was purchased by him several years prior to the date of trial and the pipe line was located thereon at the time of said purchase. The testimony offered would not have been admissible had the witness qualified to testify, relative to the market value of Petitioner's land.

4  As said in 3 Sedgwick on Damages, #1163 "The two most common species of proof in condemnation proceedings are—1st, the element of value; and 2d, the element of damages. Under the first head is admitted everything which has a bearing on the value of the property; under the second, everything which enters into and makes part of the damage inflicted. These elements of damage and value are not the measure of damages. They go to the jury to throw light on the general question of depreciation."

The private preferences of a witness relative to the purchase of a tract of land cannot be used as proof of market value and depreciation in market value. Eastern Texas Ry. Co. v. Scurlock, 97 Texas 305, 78 S.W. 490.

The witness, McNeil, was asked the following question, after the jury had been retired:

"Do you know whether or not in the operation of a farm or a ranch the building of a pipe line, the existence of it under the ground, interferes with the operation in any way?" To which the witness answered: "Not that I know of. I haven't heard of it."

What we have said with reference to the proper exclusion by the trial court of the testimony of the witness, Asbeck, applies with equal force to the exclusion of the testimony just above quoted.

5  We have reached the conclusion that the Court of Civil Appeals has considered and disposed of Respondent's point that "the allowance of the jury in answer to the special issues submitted on the question of damages is manifestly excessive under the evidence in this case." Therefore, there is no necessity to remand this case to that court for further consideration of this point.

The Respondent's argument under its point that the damages awarded by the jury were excessive may be divided in two parts. First: It contends that the award was excessive for the reason that the jury in answer to Special Issues One and Two awarded the Petitioners the full market value of the 7.11 acres instead of the market value of the easement actually taken, and further that the exclusion of the testimony of the witnesses, Asbeck and McNeil, caused the jury to render an excessive award of damages.

Second: That the errors of the trial court in submitting Special Issues numbered Three and Four caused the jury to render an excessive award on the question of damages to the remainder of Petitioner's 1300 acre tract of land; that the amount was excessive "since portions of such 1300 acre tract were situated a considerable distance from plaintiff's easement and could not have been affected in market value by such easement." No contention is made that the evidence is insufficient to support the verdict.

The Court of Civil Appeals reversed and remanded this case for the reasons advanced by Petitioner under its point that the damages were excessive, which was Point Five, and for the further reasons advanced under Points Three and Four that the exclusion of the testimony of witnesses, Asbeck and McNeil, was error.

Respondent's appeal was predicated on five points of error. Point One was to the effect that the trial court erred in overruling its objections to the form of submission of Special Issue No. Two, and the second point complained that the form of submission of Special Issues Three and Four was improper. We have examined the special issues contained in the charge of the court, and hold that the trial court correctly submitted the issues of fact to the jury for its determination.

For the reasons stated the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered July 9, 1952.

Rehearing overruled October 1, 1952.