**TRANSWESTERN PIPELINE CO.,**
Appellant,

v.

**J. E. BROWNLEE, Jr., et al., Appellees.**

No. 7027.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 27, 1961.

Linn & Helms, Spearman, Vinson, Elkins, Weems & Searls, Houston, for appellant.

William T. Brownlee, Perryton, for appellees.

CHAPMAN, Justice.

This is a condemnation case brought by appellant, Transwestern Pipeline Co. against appellees, J. E. Brownlee and others to acquire a 66-foot right-of-way and easement for construction of a gas pipeline across a section of land situated in Ochiltree County and owned by appellees. 4.756 acres constitutes the total amount of land included within the right-of-way easement. Appellees filed objections and exceptions

to the award of the Special Commissioners, admitted appellant's right to condemn, and the case was tried to a county court jury in said county upon only the issue of damages. Judgment was rendered on April 29, 1960 by the court upon a verdict by the jury assessing $1,698.52 damages. The term of court expired on May 2, 1960 and the motion for new trial was not filed within that period of three days before the term ended. Before learning that the term of court had expired a motion for new trial was filed subsequent to the expiration of the term and within the ten days provided in Rule 329a Vernon's Ann. Texas Rules, as amended effective September 1, 1957.

By counterpoint appellees raise the question of jurisdiction of this court to entertain the appeal for the reason that appellant did not file its motion for new trial "as required under Rule 325 of the Rules of Civil Procedure". Because of appellees' contention that ambiguity exists in this connection between Rules 324, 325 and 329a V.A.T.R., we deem it necessary to dispose of their counterpoint first because it goes to our jurisdiction.

Rule 324 as amended effective September 1, 1957 provides:

"In all cases tried in the county or district court, where parties desire to appeal from a judgment of the trial court, a motion for new trial shall be filed as a prerequisite to appeal; provided * * *; [here a number of exceptions are given and the rule continues] nor shall a motion for new trial be so required * * *, in a case coming within the proviso of Rule 329–a, * * *"

Rule 329a, as amended effective September 1, 1957 provides:

"Motion for new trial when required in any case tried in a County Court shall be made within ten (10) days after the rendition of the judgment if the term of court shall continue so long, if not, then before the end of the term, * * *. Provided, however, that if there is not remaining in the term five full days' time from the rendition of the judgment to the adjournment of the court for the term in which the judgment is rendered, the filing of a motion for new trial shall never be a prerequisite to an appeal in a case tried in a county court."

Rule 325 says:

"Nothing in Rule 324 shall render a motion for new trial unnecessary in the instances mentioned in this Rule nor in instances of newly discovered evidence, *misconduct*, fraud or the like." (Emphasis added.)

■ Apparently because a question of misconduct of counsel is raised, a preliminary motion was made thereon in the progress of the trial and motion for new trial was not filed within the term, appellees contend we are without jurisdiction.

There is clearly no conflict between Rules 324 and 329a because the former specifically provides a motion for new trial is unnecessary in a case coming within the proviso of Rule 329a. Rule 329a specifically provides that motions for new trial are never required as a prerequisite to appeal where less than five days remain from the rendition of the judgment to the end of the court term. The motion was filed within the ten days provided in Rule 329a and there not having been five full days time from the rendition of the judgment to the end of the term we hold the record in this case did not require a motion for new trial to be filed as a prerequisite to appeal. Especially is this true in view of the fact that the case will have to be reversed on grounds other than misconduct of counsel. Obviously the purpose of the provision that a motion for new trial shall never be a prerequisite to an appeal in county court where less than five days remain from the rendition of the judgment to the end of the term was to give that much time in which to file the motion and have it passed upon.

We do not believe the rule makers would make that specific provision in Rule 329a, recognize it in Rule 324 and then purposely limit it by the general provision in Rule 325. We do not believe it would preclude an appeal in this case even if it were necessary for us to consider misconduct where such misconduct was called to the attention of the court during the trial and he passed on the question by refusing to grant a mistrial even though appellees joined appellant in the motion. Therefore we hold that this court has jurisdiction to entertain the appeal.

■ A careful study of the record has convinced us that this case will have to be reversed. In the first place we have determined from a thorough study of the statement of facts that the admissible evidence is insufficient to support the judgment rendered. The admissible evidence given by appellees' three value witnesses did not constitute any evidence of probative value upon which to support issues three and four which inquire as to the value of the section of land before the taking exclusive of the 4.756 acres and its value after the taking exclusive of such easement. All the questions propounded to the three witnesses by appellees' counsel and all their answers to such questions concerned the entire section. At no place were the questions based upon the value before and after exclusive of the 4.756 acres. Evidence of the value of the whole tract before and after the taking is completely immaterial. Wallace v. Van Zandt County, Tex.Civ.App., 264 S.W.2d 202. Both State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, and the case just cited set out the proper method for making the proof but it was not complied with in this case. Appellees by brief attempt to justify the proof on the issues by asserting

that counsel for appellant made the proof in cross-examination of the witness Pearson. When that testimony is examined it simply has to do with the private preferences of the witness. He said in effect that the easement would reduce the value of the section so much if he were buying it or it would reduce it so much "had he had some of the experience I have had" [with pipelines]. This is the very type testimony that has been disapproved by our Supreme Court in Sample et al. v. Tennessee Gas Transmission Co., 151 Tex. 401, 251 S.W. 2d 221, 224 wherein the court said: "The private preferences of a witness relative to the purchase of a tract of land cannot be used as proof of market value and depreciation in market value. Eastern Texas Ry. Co. v. Scurlock, 97 Tex. 305, 78 S.W. 490."

The record shows that counsel for appellees, William T. Brownlee, who also owned an interest in the section of land in controversy made a statement to appellant's witness, Cudd, in the presence of the juror, Griver, to the effect that Cudd should get $50 a day for testifying because that was what another of appellant's witnesses was paid but that he, Brownlee, could not pay his witnesses any such sum because he represented "poor boys". Counsel obviously recognized the impropriety of such conduct and statements in the presence of a member of the jury because he joined appellant in the motion for a mistrial, which the court refused despite the joint motion. We cannot conceive of counsel repeating such conduct in the event of another trial so deem it unnecessary to write on this point or the other points of error presented. Accordingly, the judgment of the trial court is reversed and remanded for a new trial.