The STATE of Texas, Appellant,

v.

R. O. CURREY et ux., Appellees.

No. 11377.

Court of Civil Appeals of Texas.
Austin.

March 23, 1966.

On Rehearing April 27, 1966.

John B. Henderson, Jr., County Atty., Milam County, for appellant.

Camp, Ellett & Camp, Emory B. Camp, Cameron, for appellees.

ARCHER, Chief Justice.

We are withdrawing our former opinion filed March 23, 1966 and file this as the opinion of this Court.

This is an eminent domain case brought by The State of Texas to condemn for highway widening purposes .052 acres of land located in the town of Minerva, Milam County, Texas, the same being a part of the tract of land upon which appellees resided, to widen U. S. Highway 77, which adjoined appellees' tract of land. Appellees offered evidence of the market value of the condemned land considered as severed property, as well as the value of the remaining land immediately after the taking. The error asserted by appellant is that there was no evidence of the market value of the remaining tract immediately before the taking. At no time during the trial did appellant offer any testimony as to the market value of the property but relied on appellees' witnesses.

Appellees' position is that the court did not err in rendering a judgment in accordance with the jury's answers to the Special Issues submitted, and in the alternative, if damages awarded therein were excessive, then a remittitur is appropriate.

The point of error complained of is that there is no evidence to support the jury's answer to Special Issue No. 2.

In answer to Issue No. 1 the jury found that the value of the severed land was five hundred dollars.

Special Issue No. 2, reads:

"From a preponderance of the evidence, what do you find was the market value of the defendants' tract of land exclusive of the strip of land condemned immediately before the strip was taken for highway purposes?

Answer in dollars and cents.

A Ten Thousand Five Hundred Dollars."

In answer to Special Issue No. 3 the jury found that the market value of the remainder of defendants' tract after the taking of the strip condemned was Seven Thousand Five Hundred Dollars.

Witness Barton Sutton testified that the reasonable cash market value of the severed strip was Five Hundred Dollars and that the reasonable cash market value of the tract before any was taken for highway purposes was from $10,500.00 to $11,500.00, and that the value after the taking was around $7,500.00.

We do not believe that the evidence of Sutton supports the submission of and answer of the jury to Special Issue No. 2, inquiring about the market value of the remainder of appellees' tract of land immediately before the taking of the severed strip of land, such testimony was as to the reasonable cash market value of the tract before any was taken, and he did not testify as to the value of the remainder, exclusive of the strip taken, before the taking actually took place, and such testimony is immaterial.

City of Irving v. Caster, Tex.Civ.App., 397 S.W.2d 952.

The motion of appellant is granted and the judgment of the trial court is reversed and the cause remanded for a new trial.