**STATE of Texas, Appellant,**

v.

**Russell Morton BROWN et al., Appellees.**

**No. 342.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 26, 1967.

Rehearing Denied April 25, 1968.

Crawford Martin, Atty. Gen., Woodrow Curtis, Asst. Atty. Gen., Austin, for appellant.

Roger Butler and Francis Gandy, Jr., of Butler, Schraub & Gandy, Corpus Christi, for appellees.

## OPINION

SHARPE, Justice.

This appeal is from a judgment in a condemnation case in which the State of Texas, appellant, condemned for highway purpose the fee title, excepting minerals, to a 16.334 acre parcel of land out of a larger tract of 43.832 acres of land situated in Nueces County, Texas, and belonging to the condemnees, Russell Morton Brown and J. S. Johnson and wife.

The evidence shows that the parcel taken for highway purposes divided the entire tract so that the remainder was in two separate tracts containing 6.621 acres and 20.877 acres, aggregating 27.498 acres.

The jury answered three special issues substantially as follows: (1) the market value of the parcel taken considered as severed land was $40,835.00, (2) the market value of the two remaining tracts exclusive of the parcel condemned immediately prior to the taking was $68,745.00, and (3) the market value of the said two remaining tracts immediately after the taking was $59,120.70. The effect of the verdict was to award $40,835.00 for the parcel taken and $9,624.30 as damages to the remainder. The trial court rendered judgment on the verdict for condemnees in the amount of $50,459.30.

Appellant does not complain as to the award of $40,835.00 for the parcel condemned, but asserts nine points of error concerning the award of $9,624.30 for damages to the remainder. The contentions made may be summarized as follows: that the evidence is legally and factually insufficient to support the jury answer to special issue no. 3, i.e., that the value of the remainder after the taking of the parcel for highway purposes, was $59,120.70; that the trial court erred in rendering judgment for $9,624.30 based upon the jury answers to special issues 2 and 3; that such award is excessive; and, in any event, that the State is entitled to remittitur in the amount of $3,270.80.

We have concluded that appellant's points are not well taken and that the judgment of the trial court should be affirmed.

Three witnesses testified on the trial of the case. Mr. W. H. Cooper was an expert witness for the State. Mr. Bob Crow was an expert witness for the condemnees. Mr. Russell Morton Brown, one of the condemnees, was the third witness. Mr. Cooper testified that the value of the remainder was $62,400.00 before the taking and $65,900.00 afterward, resulting in an enhancement in value of $3,500.00. Mr. Crow testified that the value of the remainder was $68,745.00 before the taking and $62,391.50 afterward, resulting in a reduction in value of $6,353.50.

Appellant contends that Mr. Brown did not testify concerning the market value of the remainder of 27.498 acres before and after the taking of the 16.334 acre tract for highway purposes. Appellees say that

Mr. Brown did so testify and that in particular his testimony is legally and factually sufficient to support the jury answer of $59,120.70 to special issue no. 3. Appellees further say that Mr. Brown gave testimony which would establish the value of the remainder after the taking at $52,634.00, which is considerably lower than that found by the jury. We agree with appellees' contentions in such respects.

Mr. Brown testified in substance as follows: That the entire tract of 43.852 acres had a market value before the taking of $3,000.00 per acre or a total value of $130,000.00. Using the figure of 16 acres for the parcel taken, he assigned a value of $48,000.00 to it. The jury awarded $40,835.00 for said parcel. Mr. Brown further testified that 4.877 acres out of the separate remaining tract containing 20.877 was not damaged by the taking. The value of said 4.877 acres, therefore, by calculation, remained at $14,631.00. However, Mr. Brown testified that the remaining 16 acres of said 20.877 acre tract were seriously damaged and had a value after the taking and being separated from the other remaining parcel containing 6.621 acres of $2,000.00 per acre or a total of $32,000.00. Mr. Brown further testified that the remaining tract of 6.621 acres (which he referred to as 6 acres) had been particularly damaged; that it had lost two-thirds of its value or $12,000.00; therefore, its value after the taking was $6,000.00. When the testimony of Mr. Brown is summarized it appears that in substance he assigned a total value after the taking to the remainder, made up of the two separated tracts, of $52,631.00, such figure being arrived at by adding the amounts above-referred to as follows:

| | |
|---|---:|
| 4.877 acres not damaged | 14,631.00 |
| 16.00 acres at $2,000.00 per acre | 32,000.00 |
| 6.00 acres at $1,000.00 per acre | 6,000.00 |
| Total | 52,631.00 |

The jury answer in the amount of $59,120.70 to special issue no. 3, concerning the value of the remainder after the taking, was $6,489.70 higher than that testified to by Mr. Brown and $3,270.80 lower than that testified to by the witness Crow.

Appellant's contention that Mr. Brown testified only to specific items of damage and did not relate such specific items to the market value of the remaining 27.498 acres immediately before and after the taking is not well founded.

In support of its position the State cites: City of Houston v. Ready, 370 S.W.2d 210 (Tex.Civ.App., Houston, 1963, no writ hist.); City of Irving v. Caster, 397 S.W. 2d 952 (Tex.Civ.App., Dallas, 1965, no writ hist.); Houston Belt & Terminal Ry. Co. v. Lynch, 221 S.W. 959 (Tex.Comm.App. Sec. A, 1920); Roberts v. State, 350 S.W. 2d 388 (Tex.Civ.App., Dallas, 1961, no writ hist.); State v. Booth, 401 S.W.2d 93 (Tex. Civ.App., El Paso, 1966, no writ hist.); State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194 (1936); State v. Currey, 402 S.W. 2d 797 (Tex.Civ.App., Austin, 1966, no writ hist.); Urban Renewal Agency of the City of Lubbock v. Trammel, 407 S.W.2d 773 (Tex.Sup.1966). These cases are all factually distinguishable and do not control disposition of the instant case.

■ We hold that the evidence was legally and factually sufficient to support the jury answer to special issue no. 3. Coastal Transmission Corporation v. Lennox, 331 S.W.2d 778 (Tex.Civ.App., San Antonio, 1960, n.w.h.); Natural Gas Pipeline Company of America v. Towler, 396 S.W.2d 917 (Tex.Civ.App., Corpus Christi, 1965, n.w.h.). The trial court properly rendered judgment for damages to appellees' remainder in the amount of $9624.30 based upon the jury answers to special issues numbers 2 and 3. Such award is not excessive and no remittitur is required.

The judgment of the trial court is affirmed.

### OPINION ON MOTION FOR REHEARING

Appellant's motion for rehearing asserts that we erred in overruling each of its

nine points of error and additionally makes request for findings of fact and conclusions of law.

Appellant's requests, as copied from the motion for rehearing, are as follows:

1. "Appellant requests this Honorable Court to make its findings of fact and conclusions of law whether the jury can take the testimony of the landowner Brown of a per-acre valuation of the land, a per-acre damage to part of the land and no damage to part of the remainder and calculate, summarize and compute in substance that the Defendant Brown in effect, by implication, is evidence of probative value on which the jury could base its answer to Special Issue No. Three of $59,120.00 when the Court's Charge on Special Issue No. Three asked the jury to find the market value of the 27.498 acres of land immediately after the day of taking answered in dollars and cents."

2. "The finding of fact requested by the Appellant in this case is whether, from the testimony of Mr. Brown, the jury is entitled to calculate, summarize and assume that Mr. Brown testified that the value of the remainder immediately after the taking was $52,631.00."

3. "The question of law requested by this Appellant under these Points of Error (4–9) is that if the jury can assume that Mr. Brown testified to the value of the remainder immediately after the taking to be $52,631.-00, is that evidence sufficient upon which the jury can base its answer to Special Issue No. Three of $59,-120.70, or is it against the great weight and preponderance of the evidence as to be manifestly wrong and unjust, or is it an excessive verdict?"

In our original opinion we discussed the testimony of the three witnesses given on the trial of the case. We pointed out, among other things, that the parcel taken by the State for highway purposes divided the tract here involved so that two separate parcels remained. We discussed in some detail the testimony of Mr. Brown concerning the valuation of these two remaining tracts. Although he testified primarily in terms of per-acre values, it is clear that the value of each separate remaining tract and their combined value could be arrived at by a simple process of calculation which could easily be made by anyone in the light of the facts and opinions as to value which were in evidence. The jury, by process of calculation, could have found the value of the total remainder (27.498 acres) after the taking of the parcel for highway purposes to be as low as $52,631.00. However, the jury did not completely accept the testimony of Mr. Brown, and in answer to special issue No. 3, found the value of the remainder to be $59,120.70. This amount was $6,489.70 more than that testified to by Mr. Brown and $3,270.80 less than that testified to by the witness Crow. The testimony of Mr. Brown, including direct, re-direct, cross and re-cross examination, occupies 49 pages of the Statement of Facts, and it is clear to us that his testimony concerning value was easily understandable in the context of the case and the issues presented.

We therefore find and conclude that the jury was entitled to make calculations on the basis of the facts and opinions given by Mr. Brown and to believe and find that his testimony in effect was that after the taking in question the market value of the remainder, consisting of two separate tracts, was as low as $52,631.00; that the testimony of Mr. Brown constituted evidence of probative force on which the jury could base its answer to special issue No. 3 of $59,120.00; that in answering such issue the jury could consider Mr. Brown's testimony along with the other evidence in the case, including testimony given by the two expert witnesses called by the parties; that the finding on special issue No. 3 was sup-

ported by some evidence; that such finding is not against the great weight and preponderance of the evidence; and that the verdict is not excessive.

■ It is not the duty of the Court of Civil Appeals on request for additional findings of fact and conclusions of law to recite evidence or to make findings or conclusions which may conflict with those theretofore made. See Prasek v. Dudley, 395 S.W.2d 876, 888 (Tex.Civ.App., Corpus Christi, 1965, wr.ref.n.r.e.). We repeat and confirm the findings and conclusions made in the original opinion. The evidence was legally and factually sufficient to support the verdict of the jury and the trial court properly rendered the judgment which we have affirmed.

Appellant's motion for rehearing is overruled.