**CITY OF AMARILLO, Appellant,**

v.

**C. G. NELSON et al., Appellees.**

**No. 7798.**

Court of Civil Appeals of Texas.

Amarillo.

March 25, 1968.

Rehearing Denied April 22, 1968.

Gibson, Ochsner, Harlan, Kinney & Morris and James H. Doores, Amarillo, for appellant.

Folley, Snodgrass, Calhoun & Kolius and V. G. Kolius, Amarillo, for appellees.

NORTHCUTT, Justice.

This was a condemnation proceeding brought by the City of Amarillo, hereafter referred to as appellant, against C. G. Nelson and Barney Spaulding, hereinafter referred to as appellees. The property involved in this condemnation lies south and east of the intersection of Amarillo Blvd. and Western Street within the city limits of Amarillo. It consists of three separate tracts designated as Tract A, Tract B and Tract C.

Tract A is nearest Western Street and is a single lot 50 feet wide and 140 feet deep. This tract is separated from Western Street by one 50-foot lot. Tract B, is separated from Tract A by one 50-foot lot, consisting of three lots and is 150 feet by 140 feet. Tract C, consists of five 50-foot lots, is separated from Tract B by Independence Street. Tract C is 250 feet by 140 feet. Each lot contains 7,000 sq. ft. more or less. Thus, Tract A had 7,000 sq. ft., Tract B had 21,000 sq. ft. and Tract C had 35,000 sq. ft. Prior to the taking, all of the property abutted a small paved 20-foot service road to the north and an unpaved dirt and gravel street to the south. The service road which abutted this property to the north was separated from Amarillo Blvd. by a grassy strip of land.

The city acquired the north 40 feet of both Tracts A and B leaving a depth of approximately 100 feet in the remainders. The part taken from Tract C is a triangular piece of land 40 feet wide on the west containing 5,000 sq. ft. and leaving 30,000 sq. ft. in the remainders. In Tract A 2,000 sq. ft. were taken leaving 5,000 sq. ft. in the remainder. In Tract B 6,000 sq. ft. were taken leaving 15,000 sq. ft.

A drawing of the property here involved is set out here. The parts of Tracts A, B, and C condemned is indicated by the shaded areas.

WESTERN STREET

AMARILLO BLVD.

SERVICE

GRASSY AREA

ROAD

| 100' | 40' |
|---|---|
| Lot 6 50' | |
| Lot 5 50' | TRACT A | TRACT A |
| Lot 4 50' | BLOCK |
| Lot 3 50' | 176 | T R A C T | T R A C T |
| Lot 2 50' | | B | B |
| Lot 1 50' | | C | C |
| 100' | T | T |
| | 40' |

INDEPENDENCE STREET

| 100' |
|---|
| Lot 6 50' | T |
| Lot 5 50' | R | BLOCK |
| Lot 4 50' | A | 177 |
| Lot 3 50' | C |
| Lot 2 50' | T |
| Lot 1 50' | C |
| 140' |

FOREST STREET

In answer to the special issues submitted the jury found the value of that part of Tract A condemned as severed land was $4,200.00; the remainder of Tract A exclusive of that part of Tract A condemned immediately before that part taken was condemned was $4,000.00 and immediately after the taking was $2,000.00. The answers as to Tract B were answered in the same manner as part of condemned was $5,175.00, remainder before taking $12,640.00 and immediately after taking $6,000.00. The answer as to Tract C as a part condemned was $5,300.00, remainder immediately before taking $25,000.00 and immediately after taking $21,000.00. Judgment was rendered in favor of the defendants for the sum of $28,500.42 and from that judgment the City of Amarillo perfected this appeal.

Although appellant presents this appeal upon 35 points of error the real issue involved concerns the sufficiency of the evidence. This appeal does not necessarily involve the value of the property condemned but really involves the damage issues as to the remainder of the tracts after the taking of that portion condemned.

It is appellant's contention there is no evidence to sustain the answers of the jury as to the values of the remainder before and after the taking of a portion of the property, and that such findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong. The trial court submitted the proper issues to be determined and the sole issue is whether the evidence justifies the values found by the jury.

■ It has been determined as the rule in this state that the damages are to be determined by ascertaining the difference between the market value of the remainder of the tract immediately before the taking and the market value of the remainder of the tract immediately after the appropriation. The proper method of arriving at the value is by adducing evidence as to market value by witnesses, after suitable qualifications, giving their opinion as to the market value of the residue before and after the taking. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979; Wallace v. Van Zandt County, Tex.Civ.App., 264 S.W.2d 202.

■ Three witnesses were introduced by the appellees, namely, the appellees and Marion Everhart. The appellant introduced only one witness, namely, Bill Moore. Everhart and Moore qualified as real estate appraisers. The evidence of the appellees clearly shows that they base their value on the remainder by stating the value of the whole and then the value of the part condemned and the value of the remainder. They did not attempt to give the market value of the remainder before and after the taking but only gave value of the remainder after taking. Evidence of the value of the whole tract before and after the taking is completely immaterial. State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979; Wallace v. Van Zandt County, Tex. Civ.App., 264 S.W.2d 202; Transwestern Pipeline Co. v. Brownlee, Tex.Civ.App., 344 S.W.2d 239; State of Texas v. Currey, Tex.Civ.App., 402 S.W.2d 797.

Everhart testified that the value of Tract A before the taking was $10,000.00 and that the value of that taken was $5,500.00 and the value of the remainder was $4,500.00. As to Tract B he testified the value of the whole before taking as being $16,500.00 and the part taken as being $9,075.00. As to Tract C he testified that the value of that part taken was $7,563.00. Everhart was asked: "In your opinion, then, by virtue of this improvement which the city has made here, the remainders on Tracts A, B and C have not been damaged?" His answer was: "There is no damage." He further testified: "All I can say is that the remainder has no damage."

Moore was the only witness testifying as to the whole value of each tract before ap-

propriation by the city, as to the value of the part taken, the value of the remainder before the taking and the value of the remainder after the taking. Moore testified that the value of the part taken of Tract A was $1,200.00; that the value of the remainder before the taking was $3,000.00 and the remainder after the taking was $3,000.00. As to Tract B he testified the value of that part taken was $3,900.00; that the value of the remainder before the taking was $8,700.00 and the value of the remainder after the taking was $8,700.00. As to Tract C he testified that the value of the part taken was $3,000.00 and the value of the remainder before taking was $22,200.00 and the value of the remainder after the taking was $21,200.00. Both disinterested expert appraisers testified there was no damage to the remainder of Tract A and B after taking. Everhart testified there was no damage as to the remainder of Tract C, but Moore testified the remainder of Tract C was damaged $1,000.00.

■ The jury found the remainder of Tract A before the taking was $4,000.00 and the value after taking was $2,000.00, thereby holding the remainder of Tract A was damaged $2,000.00. As to Tract B the jury found the value of the remainder before the taking was $12,600.00 and the value after taking was $6,000.00, thereby holding the remainder of Tract B was damaged $6,640.00. As to Tract C the jury found the value of the remainder before taking was $25,000.00 and the remainder after the taking was $21,000.00, thereby holding the remainder of Tract C was damaged $4,000.00. The jury held more damages to the remainder than any evidence introduced would justify.

We are of the opinion, and so hold, that the findings of the jury as to the damage of the remainder of Tracts A, B and C are so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Judgment of the trial court is reversed and remanded.