SUGG, Justice,
for the Court:
This is an appeal from an order of a Special Court of Eminent Domain in Union County denying the petition of the Mississippi State Highway Commission to enroll a judgment against George 0. Prescott.
The Commission filed a petition to condemn 0.59 acres of land for highway purposes under the provisions of Mississippi Code Annotated sections 11-27-81, et seq. (1972). The petition named George O. Prescott and Evelyn Prescott, owners,' and North Mississippi Savings and Loan Association, mortgagee, as the persons with an interest in the property to be condemned. The judge of the Special Court of Eminent Domain appointed an appraiser to appraise the property and, after the report of the appraiser was filed, entered an order granting the Commission the right to immediate entry. The appraiser fixed the value of the property at $6,500 and the Commission deposited eighty-five percent ($5,525) of the amount of the appraisal with the clerk of the court. The amount deposited was paid on December 28, 1973 to “George O. Prescott et al.” as shown by the certificate of the circuit clerk. The case came on for hearing and the jury fixed the damages for taking the property at $2,700. Judgment was entered on the jury verdict on February 8, 1974.
The Commission filed a petition to enroll a judgment against George O. Prescott on January 27, 1975 and alleged that it was entitled to a personal judgment against George 0. Prescott for the difference between the deposit and the jury verdict. Mississippi Code Annotated section 11 — 27— 87 (Supp.1976).
The petition to enroll the judgment was properly denied for three reasons:
First, George O. Prescott was the only party against whom relief was sought while the record shows that the deposit was disbursed to George 0. Prescott et al.
Second, before a judgment, may be enrolled, there must be a judgment to enroll.
Third, an eminent domain court is a special court and when it is convened and concluded the matter or matters for which it was convened and a final judgment is entered, it automatically goes out of existence and no longer has jurisdiction to determine any matters filed thereafter, unless an order has been entered on its minutes granting additional time within which to file such matters. Mississippi State Highway Commission v. Gresham, 323 So.2d 100 (Miss.1975); Mississippi State Highway Commission v. First Methodist Church of Biloxi, 323 So.2d 92 (Miss.1975); Mississippi State Highway Commission v. Taylor, 293 So.2d 9 (Miss.1974). Therefore, the Special Court of Eminent Domain did not have jurisdiction to entertain the petition to enroll a judgment.
This case was considered by a conference of the Judges en banc.
AFFIRMED.
GILLESPIE, C. J., PATTERSON and IN-ZER, P. JJ., and SMITH, WALKER, BROOM and LEE, JJ., concur.