PATTERSON, Chief Justice,
for the court:
J. T. Cox, Mary Katherine Cox and North Mississippi Savings & Loan Company appeal a jury award of $3500 in an eminent domain proceeding had in Bolivar County by the Mississippi State Highway Commission. The issue on appeal is whether the trial court erred in permitting the highway commission’s expert witness to testify concerning the results of a survey involving the average distance that single-family residences were set back from the highway in the vicinity of the property condemned.
*608 The highway commission acquired approximately 0.33 acre of the 2.86 acres of land owned by Mr. and Mrs. Cox upon which their family residence was located. The property is adjacent to Highway 61 and was acquired to widen it. Prior to the condemnation the Cox home lay 162 feet from the right-of-way and 210 feet from the pavement. After construction, it would lie 97 feet from the right-of-way and approximately 146 feet from the pavement.
The highway commission tendered its statement of values to the trial court for compensation of $1420, including an assessment of $900 for the fair market value and $520 damages to the remainder. The court appointed an independent appraiser who valued the property at $72,081 before and $67,409 after the acquisition for a just compensation of $4672. The appellants filed their statement of values contending the fair market value of the condemned property was $5000 with damages to the remainder of $20,000 for a total compensation of $25,000.
Walter Cummins, an appraiser for appel-lee, testified to a before value of $74,600 and an after value of $72,925 for a difference of $1675. He designated a value of $3500 per acre for the land and testified the remaining property suffered no damage because of the acquisition, thus contradicting the highway commission’s assessment of values assigning $520 as damage to the remainder.
Appellants objected to Cummins’ testimony concerning the average distances homes in the vicinity of the Coxes were set back from the highway. The trial judge heard the testimony outside the presence of the jury and found it admissible. Cummins then testified: “The survey I was talking about started at Gaines Oil and went all the way to Washington-Bolivar County line.” From this survey he compiled the setback distances from the road. Where houses had been moved and there was evidence of where they formerly stood, he included these measurements. For the east side of the road he calculated a setback of 67.8 feet. He also made a second survey on Highway 8 for four or five miles east of the city of Cleveland and three or four miles just west of Delta State University. He calculated an average setback distance of 82.75 feet for homes to the east and 61.15 feet for those west of Cleveland.
Mr. Winston Hayles, a local realtor, testified for appellants. He valued the property before the condemnation at $90,000 and after the taking at $77,000 for a difference of $13,000. He stated that a setback of less than 100 feet would be undesirable for property appraised in excess of $50,000 to $60,000. He estimated a reduction in market value of 15% or approximately $13,000.
The jury awarded the defendants $3500 and their motion for an additur or a new trial was overruled. On appeal they argue that the trial court committed reversible error in permitting appellee’s expert witness to testify to the results of the surveys made by him involving the average setback distance from the highway of single-family residences in the vicinity of the property.
The case of Sample v. Tennessee Gas Transmission Co., 151 Tex. 401, 251 S.W.2d 221 (1952), is persuasive to this argument. There the landowner contended that transmission poles and lines hindered the future use of his property. The condemning authority attempted to show that adjoining landowners were using their property although transmission lines were present, but were not hindered in their use. That Court held that the testimony was appropriately excluded as it could not have aided the jury in determining the issues and market value of the land is question.
Recent sales of comparable property in the vicinity of that sought to be acquired for public use may be shown in evidence to establish the fair cash market value of the land acquired. However, land deeds indicating sale price of land in the neighborhood without showing requisite similarity are not admissible as evidence in eminent domain proceedings. Pearl River Valley Water Supply District v. Wright, 203 So.2d 69 (Miss.1967). Although the evidence in the present case did not concern sales but rather distances from the highway, where *609 no similarity was shown between the properties other than their fronting Highway 61, the same principle, in our opinion, should apply.
The testimony of Walter Cummins to the average setback was inadmissible and its admission constituted reversible error. Not only did he fail to show the similarity between the properties other than their fronting Highway 61, but the fact that other owners had their homes set back less than the Coxes only showed their preference, or perhaps circumstances beyond their control, and not its effect on market value as a similar sale would have. We therefore reverse and remand for a new determination of the value of the interest taken.
REVERSED AND REMANDED.
ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COF-ER, JJ., concur.
SMITH, P. J., took no part.