LEE, Justice, for the Court:
This eminent domain case appears before us for the second time. On the first trial in Bolivar County, a verdict was returned for the landowners against the Mississippi State Highway Commission [Commission] in the sum of thirty-five hundred dollars ($3,500) and on appeal to this Court, the case was reversed and remanded for a new trial because of incompetent testimony. Cox v. Mississippi State Highway Comm’n., 362 So.2d 607 (Miss.1978). On the retrial, a verdict was returned in favor of the landowners in the sum of twenty-three hundred dollars ($2,300). They have appealed again and assign two (2) errors in the trial below.
Evidence for the landowners was to the effect that just compensation for the land taken and damages was thirteen thousand dollars ($13,000) and evidence for the Commission indicated that just compensation amounted to sixteen hundred seventy-five dollars ($1,675.00).
I.
The landowners first contend that the trial court erred in refusing to permit them to introduce proof that an appraiser employed by the Commission was not called by it and that they should have been permitted to show what his appraisal was and to question him regarding his appraisal.
On the day of the trial, the landowners propounded interrogatories to Brad Jan-oush, an appraiser for the Commission, who had not been called by the Commission. They also had subpoenas issued for him, but he could not be found and was not served. The landowners then requested a continuance until such time as they could locate and serve the appraiser, which request was denied by the court.
The landowners argue that under Arkansas State Highway Comm’n v. Phillips, 252 Ark. 206, 478 S.W.2d 27 (1972), they were entitled to have such appraiser testify about his valuation of the property involved and that his appraisal had not been used by the Commission. They also cited Meridian Hatcheries, Inc. v. Troutman, 230 Miss. 493, 93 So.2d 472 (1957) (a tort action) wherein the Court said that failure of the defendant to call its bus driver as a witness, when he was available to it, and who was presumed to be friendly to it, raised a strong presumption against the facts claimed by the defendant.
It is not necessary for us to reach the question of whether or not the lower court should have required answers to the interrogatories filed, and whether or not Brad Janoush, the appraiser, should have testified, since the lower court did not abuse its discretion in overruling the motion for continuance, the case having been previously set for trial on the day when subpoenas were issued and interrogatories filed. There is no merit in the first assignment of error.
II.
The landowners next contend that error was committed when questions were propounded by the Commission to a witness about the setback distance from the highway of other houses along the highway and in the vicinity of the landowner’s home.
The first case was reversed by this Court because of the introduction of such testimony when no proper predicate was laid therefor. When similar questions were asked in the second trial, the judge sustained objections to such questions. He was not asked to instruct the jury to disregard the questions, which were not answered, nor was any motion made for a mistrial. The trial judge did everything he was requested to do and he did not commit error as claimed by the landowners.
The judgment for the landowners is affirmed on direct appeal.
*1109 CROSS-APPEAL
After the first trial, the Commission paid into the registry of the court the judgment amount of $3,500.00, which was disbursed by the clerk to the landowners. After the verdict of $2,300.00 on the second trial, the Commission made an oral motion requesting that the judge require the landowners to pay the Commission the difference between the first verdict and the second verdict, which he declined to do.
Mississippi Code Annotated § 11-27-27 (1972) provides the following:
“Upon the return of the verdict and entry of the judgment, the applicant shall pay to defendants, or to the clerk if defendants absent themselves, the differences between the judgment and deposits previously made, if any; shall pay the costs of court, including the cost of jury service as is otherwise provided by law for the court in which the case is tried. Then, ownership of the property described in the petition shall be vested in petitioner and it may use said property as specified in the petition. If deposits previously made exceed the judgment, then the clerk or defendant to whom disbursement thereof has been made, as the case may be, shall pay such excess to the petitioner.”
The Commission has cross-appealed contending that the lower court erred in declining to enter judgment in the sum of twelve hundred dollars ($1,200) for it, being the difference between the two verdicts. The landowners argue that the money had been disbursed to them, was not then on deposit with the clerk, and that the court could not require reimbursement.
In Mississippi State Highway Comm’n. v. Prescott, 346 So.2d 924 (Miss.1977), judgment was entered in an amount which was considerably less than that paid into the registry of the court by the Commission. The judgment was dated February 8, 1974, for the sum of the jury verdict. There was no request for a judgment excess against the landowner upon return of that verdict. On January 27,1975, the Commission filed a petition to enroll a judgment against George O. Prescott for the difference between the deposit made by the Commission and the jury verdict. We held that the special court of eminent domain did not have jurisdiction to entertain the petition to enroll judgment. In that situation, the only remedy for the Commission was to sue the landowner for reimbursement.
In the present case, when requested by the Commission, the trial court should have entered judgment in behalf of the Commission for the excess paid into the registry of the court, and the rights of both parties should have been adjudicated in that proceeding.-
Therefore, the judgment of the trial court is reversed on cross-appeal and judgment rendered here for the Commission in the sum of $1,200.00.
AFFIRMED ON DIRECT APPEAL; REVERSED AND RENDERED ON CROSS-APPEAL.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOLWING and COFER, JJ., concur.